Lori Lapin Jones, Interim Chapter 7 Trustee
98 Cutter Mill Road, Suite 255 South
Great Neck, New York 11021
Telephone: (516) 446-4110

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:  Chapter 7

HONORS HOLDINGS, LLC,  Case No.: 24-44875-ess

                     Debtor.

-----------------------------------------------------------x

## APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE

      The application ("Application") of Lori Lapin Jones, solely in her capacity as interim Chapter 7 Trustee ("Trustee") of the estate of Honors Holdings, LLC ("Debtor"), seeks entry of an Order, pursuant to section 327(a) of title 11 of the United States Code ("Bankruptcy Code"), authorizing and approving the employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as counsel to the Trustee effective as of March 7, 2025, and respectfully represents and alleges:

### BACKGROUND

      1.    On November 20, 2024, an involuntary petition was filed against the Debtor by petitioning creditors CA 531 86th Street LLC, BOTF, LLC and Core2000 LLC (collectively, "Petitioning Creditors"). See ECF No. 1.

      2.    On December 13, 2024, a motion to dismiss the involuntary petition ("Motion to Dismiss") was filed on the Debtor's behalf. See ECF No. 7. The hearing on the Motion to Dismiss was adjourned from time to time. On February 25, 2025, the Debtor and the Petitioning Creditors filed a stipulation pursuant to which, among other things, the Debtor agreed to consent to the entry

of the Order for Relief and withdraw its Motion to Dismiss. See ECF No. 20.

3. On February 27, 2025, the Court entered an Order for Relief against the Debtor. See ECF No. 22.

4. On March 4, 2025, Lori Lapin Jones was appointed as interim Chapter 7 Trustee of the Debtor's estate and is currently acting in that capacity. See ECF No. 24.

5. The Trustee has determined that she requires counsel to advise her in connection with her statutory duties in this case including, but not limited to, the preservation, recovery and potential liquidation of property of the estate.

6. On March 7, 2025 ("Retention Date"), the Trustee requested that LH&M represent the Trustee as her counsel in this case and, at the Trustee's request, LH&M began providing legal services to the Trustee as of the Retention Date.

## RELIEF REQUESTED AND BASIS FOR RELIEF

7. By this Application, the Trustee seeks to employ LH&M as her counsel in this case effective as of the Retention Date. In support of the Application, the Trustee submits the declaration of Holly R. Holecek, Esq., a partner in LH&M ("Declaration").

8. Pursuant to section 327(a) of the Bankruptcy Code, subject to Court approval, the Trustee "may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

9. The United States Court of Appeals for Second Circuit defines an adverse interest as (1) possessing or asserting "'any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant'" or (2) possessing "'a predisposition under circumstances that render such a bias

against the estate.'" Bank Brussels Lambert v. Coan (In re Arochem Corp.), 176 F.3d 610, 623 (2d Cir. 1999) (citation omitted).

10. Pursuant to section 101(14) of the Bankruptcy Code, to be "disinterested" means that the person:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

11. The Trustee requires counsel in this case to provide legal services and to advise her in connection with carrying out her statutory duties. While not intended to be exhaustive, it is contemplated that LH&M will render the following services to the Trustee and the Debtor's estate:

  a. advising and assisting the Trustee with the recovery and preservation of property of the Debtor's estate;

  b. advising and assisting the Trustee with the potential liquidation of property of the Debtor's estate;

  c. advising and assisting the Trustee with an investigation into the Debtor's financial and business affairs including, inter alia, conducting investigations, conducting examinations under Bankruptcy Rule 2004, and advising the Trustee as to the existence of any claims or causes of action that can be pursued for the benefit of the Debtor's estate;

  d. advising and assisting the Trustee in the pursuit and recovery of any avoidable transfers of the Debtor's assets under, inter alia, sections 544, 546, 547, 548, 549 and 550 of the Bankruptcy Code and New York State Debtor Creditor law; and

  e. performing other legal services as may requested by the Trustee, including to prepare and file motions and applications as directed by the Trustee in connection with her statutory duties.

12. The Trustee selected LH&M because of its extensive experience representing

fiduciaries in Chapter 7 and Chapter 11 cases. As more fully set forth in the Declaration, LH&M has expertise in bankruptcy and insolvency proceedings, LH&M regularly represents Chapter 7 trustees, and LH&M can assist the Trustee with fulfilling her obligations on behalf of the Debtor's estate.

13. To the best of the Trustee's knowledge, LH&M does not hold or represent an interest adverse to the Debtor's estate.

14. To the best of the Trustee's knowledge, LH&M is "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any reason.

15. Prior to the Retention Date, LH&M did not render any legal services to the Trustee in this case. LH&M represents or has represented Lori Lapin Jones in a fiduciary capacity in matters wholly unrelated to this case.

16. The Trustee seeks to employ LH&M on an hourly basis. As set forth in the Declaration, the current hourly rates charged by LH&M for professional services are as follows: (a) up to two hundred twenty-five dollars ($225.00) for para-professionals; (b) up to four hundred and seventy-five dollars ($475.00) for associates; and (c) up to seven hundred and twenty-five dollars ($725.00) for partners.

17. As further set forth in the Declaration, LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of New York and Orders of the Court.

18. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests the entry of an order authorizing and approving the retention of LH&M as counsel to the Trustee effective as of the Retention Date.

Dated: March 11, 2025
      Great Neck, New York

By: *s/ Lori Lapin Jones, Trustee*
     Lori Lapin Jones, solely as Interim Chapter 7 Trustee

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                              Chapter 7

HONORS HOLDINGS, LLC,                               Case No.: 24-44875-ess

            Debtor.
---------------------------------------------------------x

# DECLARATION

Holly R. Holecek, Esq., declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner in the law firm of LaMonica Herbst & Maniscalco, LLP ("LH&M"), which maintains its offices at 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793. I am duly admitted to practice law before, among others, this Court and the courts of the State of New York.

2. I submit this declaration in support of the application ("Application") of Lori Lapin Jones, solely in her capacity as interim Chapter 7 Trustee ("Trustee") of the estate of Honors Holdings, LLC ("Debtor"), seeking entry of an Order, pursuant to section 327(a) of title 11 of the United States Code ("Bankruptcy Code"), authorizing and approving the employment of LH&M as counsel to the Trustee effective as March 7, 2025 ("Retention Date").

3. The facts set forth herein are based upon personal knowledge, my review of information on the docket in this case including, but not limited to, the docket in the Debtor's case, the involuntary petition, the Debtor's Statement of Financial Affairs [ECF No. 28], and the Debtor's list of creditors [ECF No. 29].

4. To the extent any information disclosed herein requires the subsequent amendment or modification of this declaration upon LH&M's completion of further review and analysis or as additional party-in-interest information becomes available to it, a supplemental declaration disclosing such information will be filed with the Court reflecting such amended or modified information.

5. As set forth in the Application, the Trustee requires counsel in this case to provide legal services and to advise her in connection with carrying out her statutory duties including, but not limited to:

    a. advising and assisting the Trustee with the recovery and preservation of property of the Debtor's estate;

    b. advising and assisting the Trustee with the potential liquidation of property of the Debtor's estate;

    c. advising and assisting the Trustee with an investigation into the Debtor's financial and business affairs including, _inter alia_, conducting investigations, conducting examinations under Bankruptcy Rule 2004, and advising the Trustee as to the existence of any claims or causes of action that can be pursued for the benefit of the Debtor's estate;

    d. advising and assisting the Trustee in the pursuit and recovery of any avoidable transfers of the Debtor's assets under, _inter alia_, sections 544, 546, 547, 548, 549 and 550 of the Bankruptcy Code and New York State Debtor Creditor law; and

    e. performing other legal services as may requested by the Trustee, including to prepare and file motions and applications as directed by the Trustee in connection with her statutory duties.

6. The Trustee selected LH&M as her counsel and, at the Trustee's direction, LH&M began providing legal services to the Trustee on the Retention Date. Prior to the Retention Date, LH&M did not render any legal services to the Trustee in this case.

7. LH&M possesses the requisite experience and expertise to advise the Trustee as her counsel in this case. LH&M has extensive experience representing, among others, Chapter 7

Trustees and is well versed in the Chapter 7 process. LH&M submits that its retention is essential to the Trustee's effective and efficient administration of the Debtor's estate.

8. In preparing this Declaration, I used a set of procedures developed by LH&M to ensure compliance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure regarding the retention of professionals by a trustee under the Bankruptcy Code. I, along with my partners and associates of LH&M, conducted a search of LH&M's client database to determine whether LH&M had any connections to the Debtor, its owners, its creditors, any other party in interest, their respective attorneys and counsel, the United States Trustee or any person employed in the office of the United States Trustee.

9. To the best of my knowledge, LH&M is not connected to the Debtor, the Debtor's owners, the Debtor's creditors, any other party in interest, their respective attorneys and counsel, the United States Trustee or any person employed in the office of the United States Trustee.

10. To the best of my knowledge, LH&M does not, by reason of any direct or indirect relationship to or connection with the Debtor or other parties in interest.

11. To the best of my knowledge, LH&M does not hold or represent an interest adverse to the Debtor or the Debtor's estate.

12. To the best of my knowledge, after due inquiry, neither LH&M nor any partner, counsel or associate of LH&M represents any entity or party in interest other than the Trustee in connection with this case.

13. To the best of my knowledge, LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an

interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

14. LH&M has represented, currently represents, and may in the future represent Lori Lapin Jones solely in her capacity as a fiduciary in cases wholly unrelated to the Debtor's case.

15. Based upon the foregoing, I submit that LH&M is eligible to represent the Trustee in this case. LH&M regularly updates its client database and does not open any new matter without reviewing the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

16. LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York and Orders of the Court.

17. LH&M's current hourly rates are as follows: (a) up to two hundred twenty-five dollars ($225.00) for para-professionals; (b) up to four hundred and seventy -five dollars ($475.00) for associates; and (c) up to seven hundred and twenty -five dollars ($725.00) for partners.

18. Neither I, nor LH&M, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with this case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York.

19. LH&M has not agreed nor will it agree to share compensation received in connection with this case with any other person, except as permitted by the section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LH&M.

Executed under penalty of perjury this 11th day of March 2025.

*s/ Holly R. Holecek*
Holly R. Holecek
