| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP** | Hearing Date & Time: April 30, 2025 at 10:30 a.m. |
| *Counsel to Lori Lapin Jones, as Trustee* | Objection Deadline: 5:00 p.m. on April 23, 2025 |
| 3305 Jerusalem Avenue, Suite 201 | |
| Wantagh, New York 11793 | |
| Telephone: (516) 826-6500 | |
| Holly R. Holecek, Esq. | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                    Chapter 7

HONORS HOLDINGS, LLC,                                     Case No.: 24-44875-ess

                        Debtor.
---------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF CHAPTER 7 TRUSTEE SEEKING ENTRY OF AN ORDER: (I) AUTHORIZING AND APPROVING THE PRIVATE SALE OF THE DEBTOR'S 2023 KIA STINGER TO AJ'S AUTO INC.; AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **April 30, 2025 at 10:30 a.m**., or as soon thereafter as counsel may be heard, a hearing ("Hearing") will be conducted before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, Eastern District of New York, on the motion ("Motion") of Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Honors Holdings, LLC ("Debtor"), by her undersigned counsel, seeking entry of an Order pursuant to §§105(a), 363 and 704 of Title 11 of the United States Code ("Bankruptcy Code") and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) authorizing and approving the private sale of the Debtor's 2023 Kia Stinger, VIN ending 0133, to AJ's Auto Inc. for the sum of $23,500.00, free and clear of all liens, claims and encumbrances, pursuant to and as described more fully in the letter agreement dated March 26, 2025 (a copy of which is Exhibit A to the Motion); and (ii) granting the Trustee such further and different relief as the Court deems necessary and appropriate.

1

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be in person or by video, as the Court deems appropriate. Whether the Hearing is in person or by video, to appear at a Hearing, you must register eCourt Appearances, which can be accessed here: https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl.[1] To register, please provide your name, address, e-mail address, telephone number on the Hearing date, and the party that you represent, if applicable. Please be sure to register at least two business days before the Hearing. For remote hearings, you will receive instructions on how to access the hearing via e-mail two business days before the Hearing. On the Hearing date, please connect at least ten minutes before your scheduled hearing time and keep your audio and video on mute until your case is called.

**PLEASE TAKE FURTHER NOTICE**, that objections ("Objections") to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Bankruptcy Rules, state with particularity the grounds therefore, and be filed with the Court **no later than 5:00 p.m. on April 23, 2025** as follows: (i) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov/ in portable document format (PDF) using Adobe Exchange software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF on a portable media in an envelope with the case name, case number, type and title of document, document number to which the Objection referred and the file name on the outside of the envelope to the U.S. Bankruptcy Court Clerk, Eastern District of N.Y., Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800.

---

[1] If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time without further notice other than by an announcement of the adjourned date at the Hearing.

Dated: April 3, 2025
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Trustee*

By:   <u>s/ Holly R. Holecek</u>
      Holly R. Holecek, Esq.
      A Partner of the Firm
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                    Chapter 7

HONORS HOLDINGS, LLC,                                  Case No.: 24-44875-ess

                           Debtor.
---------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE SEEKING ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(a), 363 AND 704 OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE PRIVATE SALE OF CERTAIN VEHICLE OF THE DEBTOR TO AJ'S AUTO INC. AND GRANTING RELATED RELIEF**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE

      Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Honors Holdings LLC ("Debtor"), by her undersigned counsel, submits this motion ("Motion") seeking entry of an Order pursuant to §§105(a), 363 and 704 of Title 11 of the United States Code ("Bankruptcy Code") and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) authorizing and approving the private sale of the Debtor's 2023 Kia Stinger, VIN ending 0133 ("Vehicle") AJ's Auto Inc. ("AJ's"), for the sum of $23,500.00 ("Purchase Price"), free and clear of all liens, claims and encumbrances, pursuant to and as described more fully in the letter agreement dated March 26, 2025 ("Agreement"), a copy of which is annexed as **Exhibit A**; and (ii) granting the Trustee such further and different relief as the Court deems necessary and appropriate, and respectfully sets forth as follows:

1

## JURISDICTION AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).

3. Venue of this bankruptcy case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein include sections 105(a), 363 and 704 of the Bankuptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

## BACKGROUND

5. On November 20, 2024, an involuntary petition was filed against the Debtor by petitioning creditors CA 531 86th Street LLC, BOTF, LLC and Core2000 LLC (collectively, "Petitioning Creditors"). See ECF No. 1.

6. On December 13, 2024, a motion to dismiss the involuntary petition ("Motion to Dismiss") was filed on the Debtor's behalf. See ECF No. 7. The hearing on the Motion to Dismiss was adjourned from time to time. On February 25, 2025, the Debtor and the Petitioning Creditors filed a stipulation pursuant to which, among other things, the Debtor agreed to consent to the entry of the Order for Relief and withdraw its Motion to Dismiss. See ECF No. 20.

7. On February 27, 2025, the Court entered an Order for Relief against the Debtor. See ECF No. 22.

8. On March 4, 2025, Lori Lapin Jones was appointed as interim Chapter 7 Trustee of the Debtor's estate. See ECF No. 24.

9. On March 7, 2025, the Debtor filed, inter alia, Schedule A/B. See ECF No. 27. The Debtor scheduled the Vehicle on its Schedule A/B, and listed the Vehicle's fair market value as

$30,000.00. See id. at Schedule A/B, question 47.

10. The Trustee was informed that the Vehicle is located at the Debtor's former headquarters in Atlanta, Georgia. The Trustee requested pictures and information relating to the Vehicle, which were provided by counsel to the Debtor and counsel to the Debtor's pre-petition lender, WhiteHorse Capital Management, LLC. The title to the vehicle does not reflect any liens against the Vehicle.

11. The Trustee reached out to an auctioneer based in New York regarding the potential sale of the Vehicle. The Trustee also reached out to an auctioneer based in Georgia regarding the potential sale of the Vehicle. The Trustee was contacted by a used vehicle finance company respecting the Vehicle, who connected the Trustee to AJ's. The Trustee is informed that AJ's is a car dealership located in Marietta, Georgia.

12. Subject to Court approval, the Trustee and AJ's negotiated and executed the Agreement providing for the terms and conditions of the sale of the Vehicle. The Vehicle is being sold "as is", "where is", "with all faults", without any representations or warranties of any kind. See Exhibit A at ¶7. The Vehicle is being sold free and clear of all monetary liens, claims and encumbrances. See id. In accordance with the Agreement, AJ's paid the sum of $4,700.00 to the Trustee as a good faith payment towards the Purchase Price.

13. The Trustee submits that the proposed sale to AJ's is in the best interest of the Debtor's estate. The Debtor is not operating and, accordingly, does not require the Vehicle. The proposed sale will allow the Trustee to monetize the Vehicle for the benefit of the estate and its creditors.

**RELIEF REQUESTED**

14. By this Motion, the Trustee seeks the entry of an Order authorizing and approving

the proposed sale of the Vehicle to AJ's for the Purchase Price pursuant to the Agreement. A proposed Order is annexed as **Exhibit B**.

A. **Approval of the Private Sale of the Vehicle**

15. The Trustee is statutorily charged with liquidating property of the Debtor's estate as expeditiously as is compatible with the best interests of the estate. See 11 U.S.C. § 704(a)(1).

16. Pursuant to section 363 of the Bankruptcy Code, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. …" 11 U.S.C. § 363(b)(1). Under Bankruptcy Rule 6004(f)(1), a trustee is permitted to sell property of the estate pursuant to section 363(b) of the Bankruptcy Code by private sale or public auction. See FED. R. BANKR. P. 6004(f)(1).

17. Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Second Circuit, in applying this section, has required that it be based upon the sound business judgment of the trustee. See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 466 (2d Cir. 2007) (quoting Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983)); Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.), 973 F.2d 141, 145 (2d Cir. 1993); Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.), 430 B.R. 65, 83 (S.D.N.Y. 2010) ("The overriding consideration for approval of a Section 363 sale is whether a 'good business reason' has been articulated." (citations omitted)); In re Hirsch, 360 B.R. 43, 45-46, 48, 50 (Bankr. E.D.N.Y. 2007) (requiring "existence of 'a good business reason to grant such an application.'" (quoting In re Lionel Corp., 722 F.2d at 1071)). In Lionel, the Second Circuit determined that a sale of assets could be approved if the trustee could

4

demonstrate an "articulated business justification" for the sale. In re Lionel Corp., 722 F.2d at 1070. If a sound business justification exists, then a presumption attaches that the decision was informed, in good faith and in the honest belief that the action was in the best interests of the estate. In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).

18. In addition to requiring sound business reasons to approve a sale pursuant to section 363(b) of the Bankruptcy Code, many courts have required a showing that the price to be obtained for assets be fair and reasonable; that the sale to the proposed purchaser was negotiated in good faith; and that it does not unfairly benefit insiders, the purchaser, or a certain creditor or class of creditors. See, e.g., In re Channel One Communications, 117 B.R. at 494-97; In re Indus. Valley Refrig. & Air Cond. Supplies, Inc., 77 B.R. 15 (Bankr. E.D. Pa. 1987).

19. In this case, the Trustee has exercised her sound business judgment in determining that the proposed sale of the Vehicle to AJ's for the Purchase Price is in the best interests of the Debtor's estate. Among other things, the Trustee considered the estimated fair market value of the Vehicle based on, inter alia, Kelly Blue Book values and the opinions of two auctioneers. The Trustee also considered the additional fees that would be incurred were the Trustee to auction the vehicle, including fees for towing, storing, and marketing, as well as the commissions of any auctioneer. To this end, the Trustee considered that a sale in accordance with the terms of the Agreement will enable the Trustee to reduce the Vehicle to cash quickly and without incurring additional administrative costs and expenses.

20. AJ's has no connections to the Debtor, the Trustee or the Trustee's professionals. See **Exhibit A** at ¶8. The Agreement was negotiated at arm's length and in good faith.

21. Accordingly, the Trustee has substantial business justification for the proposed sale of the Vehicle to AJ's pursuant to the Agreement.

**B.    Sale of the Vehicle Free and Clear of all Liens, Claims and Encumbrances**

22.    Under section 363(f) of the Bankruptcy Code, property may be sold outside the ordinary course of business under subsection (b):

> free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

23.    Accordingly, a trustee may sell property of a bankruptcy estate outside the ordinary court of business if one of the five conditions under section 363(f) of the Bankruptcy Code is satisfied. See In re Grubb & Ellis Co., Case No. 12-10685 (MG), 2012 Bankr. LEXIS 1279, at *31 (Bankr. S.D.N.Y. Mar. 27, 2012) (discussing section 363(f)); In re Borders Group, Inc., 453 B.R. 477, 483–84 (Bankr. S.D.N.Y. 2011) (discussing Bankruptcy Code § 363(f)).

24.    The title to the Vehicle does not reflect any liens, claims or encumbrances on the Vehicle. Based on the foregoing, the Trustee believes that the requirements of Bankruptcy Code section 363 are satisfied.

**C.    Waiver of 14-Day Stay Under Bankruptcy Rule 6004(h)**

25.    Bankruptcy Rule 6006(h) provides that, unless the Court orders otherwise, all orders authorizing the sale of property pursuant to Bankruptcy Code § 363 are automatically stayed

until the expiration of fourteen (14) days after entry of the order. FED. R. BANKR. P. 6004(h).

26. The value of the Vehicle could decrease and AJ's was not willing to bear that risk. Accordingly, if the sale is not consummated quickly, and if the condition of the Vehicle changes, AJ's is not obligated to close on the sale. See <u>Exhibit A</u> at §7. The Trustee and AJ's are prepared to complete the proposed sale as soon as possible. Based on the foregoing, should this Court enter an Order authorizing the sale, the Trustee requests that such Order waive the stay under Bankruptcy Rule 6004(h).

27. For all of the foregoing reasons, the Trustee respectfully submits that the relief requested herein is appropriate and in the best interests of all interested parties, the Debtor's estate and the Debtor's creditors.

## **NOTICE AND NO PRIOR REQUEST**

28. Notice of this Motion will be given to all required parties in accordance with Bankruptcy Rule 2002(a)(2).

29. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order authorizing and approving the sale of the Vehicle to AJ's pursuant to the Agreement, and grant the Trustee such further and different relief as the Court deems necessary and appropriate.

Dated: April 3, 2025
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                        *Counsel to Lori Lapin Jones, as Trustee*

                            By:    *s/ Holly R. Holecek*
                                    Holly R. Holecek, Esq.
                                    A Partner of the Firm
                                    3305 Jerusalem Avenue, Suite 201
                                    Wantagh, New York 11793
                                    Telephone: (516) 826-6500