**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                       Chapter 7

HONORS HOLDINGS, LLC,                                        Case No.: 24-44875-ess

                    Debtor.
----------------------------------------------------------x

## SECOND AMENDED APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF AMINI LLC AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE[1]

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE

      Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of Honors Holdings, LLC ("Debtor"), by her undersigned general counsel, seeks entry of an Order, pursuant to section 327(a) of title 11 of the United States Code ("Bankruptcy Code"), authorizing and approving the employment of Amini LLC ("Amini") as special litigation counsel to the Trustee effective as of April 8, 2025, and respectfully represents and alleges:

### BACKGROUND

      1.     On November 20, 2024, an involuntary petition was filed against the Debtor by petitioning creditors CA 531 86th Street LLC, BOTF, LLC and Core2000 LLC (collectively, "Petitioning Creditors"). See ECF No. 1.

      2.     On December 13, 2024, a motion to dismiss the involuntary petition ("Motion to Dismiss") was filed on the Debtor's behalf. See ECF No. 7. According to the Motion to Dismiss,

---

[1]     This application amends and supersedes the application docketed at ECF No. 35.

1

on September 25, 2024, the Debtor entered into a Partial Strict Foreclosure Agreement with WhiteHorse Capital Management LLC pursuant to such certain assets of the Debtor were accepted in exchange for the partial satisfaction of amounts owing under a credit facility. See generally id. The hearing on the Motion to Dismiss was adjourned from time to time.

3. On February 25, 2025, the Debtor and the Petitioning Creditors filed a stipulation pursuant to which, among other things, the Debtor agreed to consent to the entry of the Order for Relief and withdraw its Motion to Dismiss. See ECF No. 20.

4. On February 27, 2025, the Court entered an Order for Relief against the Debtor. See ECF No. 22.

5. On March 4, 2025, Lori Lapin Jones was appointed as interim Chapter 7 Trustee of the Debtor's estate. See ECF No. 24.

6. By Order entered on March 17, 2025, the Court approved the Trustee's employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as general counsel to the Trustee. See ECF No. 31.

7. On April 7, 2025, the Trustee examined the Debtor, by its independent manager G. Grant Lyon, at a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code.

8. On April 8, 2025 ("Retention Date"), the Trustee requested that Amini represent the Trustee as her special litigation counsel in this case and, at the Trustee's request, Amini began providing legal services to the Trustee as of the Retention Date.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

9. By this Application, the Trustee seeks to employ Amini as her special litigation counsel in this case effective as of the Retention Date. In support of the Application, the Trustee submits the declaration of Avery Samet, Esq., a member of Amini ("Declaration").

10. Pursuant to section 327(a) of the Bankruptcy Code, subject to Court approval, the Trustee "may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

11. The United States Court of Appeals for Second Circuit defines an adverse interest as (1) possessing or asserting "'any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant'" or (2) possessing "'a predisposition under circumstances that render such a bias against the estate.'" <u>Bank Brussels Lambert v. Coan (In re Arochem Corp.)</u>, 176 F.3d 610, 623 (2d Cir. 1999) (citation omitted).

12. Pursuant to section 101(14) of the Bankruptcy Code, to be "disinterested" means that the person:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

13. The Trustee has determined that she requires special litigation counsel to advise her in connection with an investigation into potential claims and causes of action belonging to the estate (whether by settlement or suit or otherwise).

14. As reflected in the Declaration, Amini is a New York Limited Liability Company that specializes in complex business litigation, bankruptcy, and trial work, and Amini has

experience representing Chapter 11 and Chapter 7 Trustees as special counsel. The Trustee believes that Amini possesses the requisite experience and expertise to advise the Trustee as her special litigation counsel in this case.

15. To the best of the Trustee's knowledge, Amini does not hold or represent an interest adverse to the Debtor's estate.

16. To the best of the Trustee's knowledge, Amini is "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Amini: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any reason.

17. Prior to the Retention Date, Amini did not render any legal services to the Trustee in this case. Amini has represented (as special counsel) Lori Lapin Jones in a fiduciary capacity in matters wholly unrelated to this case.

18. The Trustee proposes to employ Amini on a contingency fee of 33-1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini pursues, whether through settlement, suit or otherwise. To the extent that any work of Amini results in a reduction of claims asserted against the Debtor's estate, compensation for such reduction shall be paid (subject to application to and approval by the Court) in an amount and manner to be negotiated in good faith between Amini and the Trustee, but in no event to exceed 33-1/3% of such claim reduction.

19. In no event will Amini be required to advance any significant expenses (i.e., expert

fees, e-discovery or deposition expenses) absent a separate agreement with the Trustee (if the estate is to pay for such expenses), which shall be subject to Court approval. As set forth in the Declaration: (a) Amini will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such investigation or litigation; and (b) Amini acknowledges the Trustee shall be under no ligation to fund or obtain funding for such expenses.

20. As further set forth in the Declaration, Amini will apply to the Court for allowance of compensation in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of New York and Orders of the Court.

21. The Trustee's application to employ LH&M contemplated that LH&M would, <u>inter alia</u>, advise and assist the Trustee with an investigation into the Debtor's financial and business affairs, and advise and assist the Trustee in the pursuit and recovery of any avoidable transfers of the Debtor's assets. <u>See</u> ECF No. 30 at p. 3, ¶11. The Trustee, with LH&M's assistance, has determined to engage special litigation counsel to investigate and, if warranted, pursue a potentially broader set of claims. Amini will coordinate with the Trustee and LH&M to ensure that LH&M and Amini do not duplicate efforts, whether by performing the identical investigation tasks or by bringing the same causes of action.

22. This Application amends and supersedes the application filed at ECF No. 35, which amended and superseded the application filed at ECF No. 34. No other application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests the entry of an order authorizing and approving the retention of Amini as special litigation counsel to the Trustee effective as of the Retention Date.

Dated: April 10, 2025
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*General Counsel to Lori Lapin Jones, as Trustee*

By:   *s/ Holly R. Holecek*
      Holly R. Holecek, Esq.
      A Partner of the Firm
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Telephone: (516) 826-6500