AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
Telephone: (212) 490-4700
Avery Samet, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                      Chapter 7

HONORS HOLDINGS, LLC,                                       Case No.: 24-44875-ess

                Debtor.
----------------------------------------------------------x

## DECLARATION

AVERY SAMET, declares as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly admitted and in good standing to practice before, inter alia, the United States District Court for the Eastern District of New York. I am a member of the firm of Amini LLC ("Amini"). Amini maintains offices for the practice of law at 131 W 35th Street, 12th Floor, New York, New York 10001.

2. I make this Declaration pursuant to 11 U.S.C. § 327(a) ("Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") in support of the application ("Application") of Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Honors Holdings, LLC ("Debtor"), for entry of an Order approving the retention of Amini as special litigation counsel to the Trustee in this case.

3. Pursuant to the Application, the Trustee seeks to employ Amini as her special litigation counsel to investigate (whether by settlement or suit or otherwise) potential claims and causes of action belonging to the estate.

4. The facts set forth herein are personally known to me and, if called as a witness, I

could and would testify thereto. To the extent any information disclosed herein requires the subsequent amendment or modification of this declaration upon Amini's completion of further review and analysis or as additional party-in-interest information becomes available to it, Amini will file a supplemental declaration disclosing such information.

5. Amini possesses the requisite experience and expertise to advise the Trustee as her special litigation counsel in this case. Amini is a New York Limited Liability Company that specializes in complex business litigation, bankruptcy, and trial work. Amini has experience representing Chapter 11 and Chapter 7 Trustees as special counsel. I will be primarily responsible for leading Amini's representation of the Trustee in this case.

6. In connection with this declaration, my firm conducted a search of Amini's client database to determine whether Amini had any relationship with the Debtor, the Debtor's scheduled creditors or other known interested parties in this case. Among other things, my firm compared the creditors named in the Debtor's schedules D and E/F, the Debtor's statement of financial affairs, and the claims register in this case with Amini's client database. Our review has indicated that Amini does not represent and has not previously represented any of the foregoing persons or entities in matters related to the Debtor or this case. Based upon this database search, Amini does not hold or represent an interest adverse to the Debtor's estate.

7. Amini has represented Lori Lapin Jones in a fiduciary capacity in matters wholly unrelated to this case.

8. Amini has also represented Salvatore LaMonica, a member of LaMonica, Herbst & Maniscalco LLP, counsel to the Trustee, in his fiduciary capacity in matters wholly unrelated to this case.

9. Amini also notes that it engaged G. Grant Lyon, the Debtor's independent manager,

as an expert witness in a litigation matter on behalf of a client that is wholly unrelated to the Debtor and this case. That matter concluded in 2021.

10. To the best of my knowledge and except as set forth herein, Amini is not connected with the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed by the Office of the United States Trustee.

11. To the best of my knowledge, after due inquiry, Amini does not, by reason of any direct or indirect relationship to or connection with the Trustee, the Debtor or other parties in interest, hold or represent any interest adverse to the Trustee, the Debtor or to the Debtor's estate.

12. To the best of my knowledge, after due inquiry, neither I, Amini, nor any officer, counsel, or associate of Amini represents any entity other than the Trustee in connection with this case.

13. Amini is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code in that Amini: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

14. Amini regularly updates its client database, and does not open any new matter without reviewing the information necessary to check each such matter conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Amini will continue to apply the conflicts and disclosure procedures to this case as additional information concerning entities having a connection with the Debtor is developed and will file appropriate supplemental

disclosure with the Court, as may be necessary.

15. Accordingly, pursuant to section 327(a) of the Bankruptcy Code, Amini is qualified to represent the Trustee in carrying out her statutory duties in this case.

## **COMPENSATION**

16. As set forth in the Application, the Trustee proposes to employ Amini on a contingency fee of 33-1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini pursues, whether through settlement, suit or otherwise.[1]

17. To the extent that any work of Amini results in a reduction of claims asserted against the Debtor's estate, compensation for such reduction shall be paid (subject to application to and approval by the Court) in an amount and manner to be negotiated in good faith between Amini and the Trustee, but in no event to exceed 33-1/3% of such claim reduction.

18. In no event will Amini be required to advance any significant expenses (i.e., expert fees, e-discovery or deposition expenses) absent a separate agreement with the Trustee (if the estate is to pay for such expenses), which shall be subject to Court approval. Amini will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such investigation or litigation. Amini acknowledges the Trustee shall be under no ligation to fund or obtain funding for such expenses.

19. Amini shall file fee applications for allowance of its compensation and shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law.

20. Neither I, nor Amini, nor any officer or associate thereof has received or been

---

[1] Amini notes that its current hourly rates are as follows: (a) $675 to $1,000 for members; (b) $500 to $625 for attorneys who are of counsel to the firm; (c) $490 to $625 for associates; and (d) $175 to $215 for paralegals.

promised any compensation for legal services rendered or to be rendered in any capacity in connection with this case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

21. Amini has not agreed nor will it agree to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code.

Executed under penalty of perjury this 9th day of April 2025 in New York, New York.

                                       */s/ Avery Samet*
                                       Avery Samet, Esq.