**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, Esq., as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                  Chapter 7

HONORS HOLDINGS, LLC,                                  Case No.: 24-44875-ess

                        Debtor.
------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (I) EXTENDING TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS THROUGH AND INCLUDING JULY 1, 2025 PURSUANT TO 11 U.S.C. § 365(d)(1); AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

       Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Honors Holdings LLC ("Debtor"), by her undersigned counsel, submits this motion ("Motion") seeking entry of an Order: (i) pursuant to 11 U.S.C. § 365(d)(1) extending the Trustee's time to assume or reject executory contracts from May 2, 2025 through and including July 1, 2025, without prejudice to request additional extensions of time; and (ii) granting the Trustee such further and different relief as the Court deems necessary and appropriate, and respectfully sets forth as follows:

**JURISDICTION AND VENUE**

       1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

2. The statutory predicates for the relief requested include section 365(d) of the Bankruptcy Code, Rules 6006 and 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Bankruptcy Rule 6006-1(a) ("Local Rules").

**BACKGROUND**

3. On November 20, 2024, an involuntary petition was filed against the Debtor by petitioning creditors CA 531 86th Street LLC, BOTF, LLC and Core2000 LLC (collectively, "Petitioning Creditors"). See ECF No. 1.

4. On December 13, 2024, a motion to dismiss the involuntary petition ("Motion to Dismiss") was filed on the Debtor's behalf. See ECF No. 7. The hearing on the Motion to Dismiss was adjourned from time to time. On February 25, 2025, the Debtor and the Petitioning Creditors filed a stipulation pursuant to which, among other things, the Debtor agreed to consent to the entry of the Order for Relief and withdraw its Motion to Dismiss. See ECF No. 20.

5. On March 3, 2025, the Court entered an Order for Relief against the Debtor. See ECF No. 22.

6. On March 4, 2025, Lori Lapin Jones, Esq. was appointed as interim Chapter 7 Trustee of the Debtor's estate. See ECF No. 24.

7. On March 7, 2025, the Debtor filed, inter alia, Schedule G listing a single real estate lease. See ECF No. 27. The Debtor did not list any executory contracts on its Schedule G. See id.

8. On April 7, 2025, the Trustee examined the Debtor at an initial meeting of creditors pursuant to section 341(a) of the Bankruptcy Code.

9. By motion dated April 22, 2025 ("Stay Relief Motion"),[1] WhiteHorse Capital Management, LLC, in its capacity as agent, seeks relief from the automatic stay to, inter alia,

---

[1] The Trustee will separately respond to the Stay Relief Motion.

permit its assignee, Camarillo Fitness Opco, LLC, to use an alleged Subscription Services Agreement v010118, dated as of May 31, 2018 ("Oracle Agreement").

10. The Debtor did not schedule the Oracle Agreement on its Schedule G, and a copy of the Oracle Agreement is not annexed to the Stay Relief Motion. See ECF Nos. 27, 38. The Trustee is therefore not able to take any position with respect to the Oracle Agreement at this time, or any other potentially unscheduled executory contracts of the Debtor.

## RELIEF REQUESTED AND BASIS FOR RELIEF

11. By this Motion, the Trustee seeks entry of an Order, pursuant Bankruptcy Code section 365(d)(1), extending the time to assume or reject executory contracts through and including July 1, 2025. A proposed Order is annexed as **Exhibit A**.

12. In recognition that the initial sixty (60) day period under Bankruptcy Code section 365(d) often imposes upon a Trustee an unrealistic and burdensome deadline, the statute gives the Court latitude to extend such period for sixty (60) days, plus additional extensions of time until a decision to assume or reject can be made upon a rational basis taking into account the facts and circumstances surrounding each particular case. See generally 11 U.S.C. § 365(d)(1).

13. In considering whether to grant additional time to assume or reject an executory contract, Courts consider, inter alia, the nature of the interests at stake, the balance of the hurt to the litigants, the safeguards afforded to the litigants, and whether there is a need for judicial determination as to whether an executory contract exists. See In re Hawker Beechcraft, Inc., 483 B.R. 424, 429 (Bankr. S.D.N.Y. 2012) (citing In re Adelphia Communs. Corp., 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003).

14. Bankruptcy Courts in the Southern and Eastern District of New York have held that so long as the motion to extend the time to assume or reject is made within the 60-day period, the court may, if cause is found, grant the motion after the 60-day period. See e.g., In re Wedtech

3

Corp., 72 B.R. 464, 468 (Bankr. S.D.N.Y. 1987). In this case, the Trustee submits that cause exists for an extension of time to assume or reject any executory contract, and is timely in making this Motion prior to the expiration of the statutory deadline (i.e., May 2, 2025).

15. Pursuant to Bankruptcy Rule 9006(b), the Court may "at any time and for cause-extend the time to act if . . . with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires[.]. FED. R. BANKR. P. 9006(b).

16. As set forth above, the Debtor did not schedule the Oracle Agreement or any other executory contracts on its Schedule G. The Trustee requires additional time to determine whether to assume or reject the Oracle Agreement, or any other executory contracts. An extension will protect and preserve the estate and its potential assets.

17. Based upon the foregoing, the Trustee respectfully submits that "cause" exists under Bankruptcy Code section 365(d)(1) to extend the Trustee's time to assume or reject executory contracts for an additional sixty (60) days, without prejudice to request additional extensions of time.

18. Pursuant to Local Rule 6006-1(a),

> If the trustee files a motion to assume or to extend the time to assume or reject an executory contract . . . , and the motion is filed prior to the expiration of the time to assume or reject such executory contract . . . with a return date no later than 14 days from the date of the expiration of the time to assume or reject such executory contract . . . , the trustee shall file with its motion a proposed order seeking an extension for cause under § 365(d)(1) of the time to assume or reject the executory contract or unexpired lease to the date of the hearing on the motion, which order may be entered without further notice or a hearing.

L.B.R. 6006-1(a).

19. By separate application, the Trustee will seek entry of an Order scheduling a hearing on this Motion for May 9, 2025, i.e., the return date of the Stay Relief Motion. Consistent

with Local Bankruptcy Rule 6006-1(a), a proposed bridge Order extending the Trustee's time to assume or reject executory contracts to the proposed return date on the hearing on the Motion is annexed as **Exhibit B** and will be uploaded to the Court simultaneously with the filing of this Motion.

20. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests the entry of an entry of an Order: (i) extending the Trustee's time to assume or reject executory contracts through and including July 1, 2025, without prejudice to request additional extensions of time; and (ii) granting related relief.

Dated: May 1, 2025
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, Esq., as Trustee*

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500