UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| HONORS HOLDINGS, LLC, | Case No.: 24-44875-ess |
| Debtor. | |

-----------------------------------------------------x

**ORDER: (I) AUTHORIZING AND APPROVING THE PRIVATE SALE OF THE DEBTOR'S 2023 KIA STINGER TO AJ'S AUTO INC.; AND (II) GRANTING RELATED RELIEF**

Upon the motion dated April 3, 2025 ("Motion") [ECF No. 32][1] of Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Honors Holdings, LLC ("Debtor"), seeking entry of an Order pursuant to §§105(a), 363 and 704 of Title 11 of the United States Code ("Bankruptcy Code") and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) authorizing and approving the private sale of the Debtor's 2023 Kia Stinger, VIN ending 0133 ("Vehicle") to AJ's Auto Inc. for the sum of $23,500.00, free and clear of all liens, claims and encumbrances, pursuant to and as described more fully in the letter agreement dated March 26, 2025; and (ii) granting the Trustee such further and different relief as the Court deems necessary and appropriate; and upon the Affidavit of Service evidencing proof of service of the Motion [ECF No. 33]; and no responses or objections to the Motion having been received or filed on the docket; and the matter having come on to be heard before the Court on April 30, 2025 ("Hearing"); and the Trustee and her counsel ***and WhiteHorse Capital Management, LLC*** having appeared at the Hearing, ***and the Debtor not having appeared***; and upon the record of the Hearing, the transcript of which is incorporated by reference herein; and no additional notice or hearing being required,

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

THE COURT FINDS AND DETERMINES THAT:

a. The Court has subject matter jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N). Venue in this district is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

b. Notice of the Hearing was provided in accordance with the Federal Rules of Bankruptcy Procedure, which notice adequately described the nature of the Hearing and the relief requested in the Motion.

c. The Motion was duly and properly served on all required persons and entities, and a reasonable opportunity to object or be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

d. The Trustee has demonstrated that the sale of the estate's interest in the Vehicle to AJ's Auto Inc. for the sum of $23,500.00 is a reasonable exercise of the Trustee's business judgment.

e. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

NOW, THEREFORE, IT IS HEREBY

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Trustee is authorized to sell the estate's interest in the Vehicle to AJ's Auto Inc. for the sum of $23,500.00 pursuant to the letter agreement dated March 26, 2025, a copy of which is annexed as **Exhibit A**; and, it is further

ORDERED that, if AJ's Auto Inc. closes on the sale, the estate's interest in the Vehicle will be sold: (i) "AS IS", "WHERE IS", "WITH ALL FAULTS", without any representations,

covenants, guarantees or warranties of any kind or nature whatsoever; and (ii) free and clear of any and all monetary liens, claims, encumbrances, and/or interests of whatever kind or nature, if any, with any such liens to attach to the proceeds of the sale; and, it is further

ORDERED that the Trustee is authorized and empowered to execute and deliver any and all documents as are reasonably necessary to implement the terms of this Order and the sale of the Vehicle and the Trustee reserves the right to contest or otherwise challenge any lien that may be asserted against the proceeds of sale; and, it is further

ORDERED that the fourteen-day stay provided for in Bankruptcy Rule 6004(h) shall not be in effect and this Order shall be effective and enforceable immediately upon entry; and, it is further

ORDERED that this Court may retain ~~exclusive~~ jurisdiction to interpret, construe and enforce the provisions of this Order.

**Dated: Brooklyn, New York**
**May 2, 2025**

Elizabeth S. Stong
United States Bankruptcy Judge