# EXHIBIT A

# EXHIBIT A

**LAMONICA HERBST & MANISCALCO, LLP**
*Moving Forward. Staying Ahead.®*

Holly R. Holecek, Esq.
Partner
Phone: 516-729-1157
hrh@lhmlawfirm.com

March 26, 2025

**BY E-MAIL**
AJ's Auto Inc.
Attn.: Husein Abdelahdi
1090 Industrial Park Drive
Marietta, Georgia 30062
Email: sales@ajsautoinc.com

*In re Honors Holdings, LLC*
**Chapter 7**
Case No.: 24-44875-ess

Dear Mr. Abdelahdi:

This letter is to confirm (subject to Bankruptcy Court approval) the sale by Lori Lapin Jones, solely in her capacity as interim Chapter 7 Trustee ("Trustee") of the Estate of Honors Holdings, LLC ("Debtor"), of the Estate's interest in the vehicle listed below to AJ's Auto Inc. ("AJ's").

1. The asset to be sold consists of the Estate's interest in the 2023 Kia Stinger, VIN ending 0133 ("Vehicle"), which is currently located at 120 Interstate North Parkway SE, Ste. 308, Atlanta, Georgia 30339-2157.

2. The purchase price for the Vehicle shall be $23,500.00 ("Purchase Price"). Upon execution of this agreement, AJ's shall pay a good faith deposit of $4,700.00 to the Trustee by wire transfer from an account of AJ's ("Deposit").

3. The sale of the Vehicle is subject to approval of the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court").

4. AJ's shall close on the sale within seven (7) days of entry of an Order by the Bankruptcy Court approving the sale, **TIME BEING OF THE ESSENCE** as to AJ'S, although such date may be extended solely by the Trustee ("Closing").

5. The balance of the Purchase Price ($18,800.00) shall be paid to the Trustee by wire transfer from an account of AJ's. AJ's shall be solely responsible for: (a) any and all expenses relating to the transfer of title of the Vehicle; and (b) any and all related sales taxes or registration fees relating to the Vehicle.

6. The Vehicle shall be sold and transferred to AJ's "AS IS", "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of all liens, interests and encumbrances, and free and clear of any and all monetary liens, claims, encumbrances, and/or interests of whatever kind or nature.

7. In the event the condition of the Vehicle changes prior to the Closing, AJ's shall not be obligated to purchase the Vehicle and AJ's shall promptly notify the Trustee in writing. Upon receipt of written notice to the Trustee: (a) this agreement shall be null and void; (b) the Trustee shall promptly return the Deposit to AJ's; and (c) other than the return of the Deposit to AJ's, there shall be no liability or obligation of the Trustee or the estate.

8. AJ's represents that it has no connections to the Debtor, the Trustee, or LaMonica Herbst & Maniscalco, LLP.

9. The Trustee and her professionals have not made, and do not make, any representations or warranties of any kind with respect to the Vehicle, and AJ's expressly agrees and acknowledges that no such representations or warranties have been made.

10. The Trustee reserves the right to withdraw the sale of the Vehicle or cancel the sale of the Vehicle at any time prior to entry of an Order of the Bankruptcy Court approving the sale. In that event: (a) this agreement shall be null and void; (b) the Trustee shall promptly return the Deposit to AJ's; and (c) other than the return of the Deposit to AJ's, there shall be no liability or obligation of the Trustee or the estate.

Sincerely,

Holly R. Holecek

AJ'S AUTO INC.

By: _____
Husein Abdelahdi, Owner