Presentment Date and Time: August 4, 2025 at 12:00 p.m.
Objection Deadline: July 28, 2025

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin
Jones, Esq. as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| HONORS HOLDINGS, LLC, | Case 24-44875 (ess) |
| Debtor. | |

### NOTICE OF PRESENTMENT OF APPLICATION FOR
### ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO ISSUE DOCUMENT
### SUBPOENA TO JP MORGAN CHASE BANK, N.A.

PLEASE TAKE NOTICE that on August 4, 2025 at 12:00 p.m., Lori Lapin Jones, Esq., solely in her capacity as Chapter 7 Trustee ("Trustee") of Honors Holdings, LLC ("Debtor") will present the annexed application for an order authorizing the Trustee to issue a subpoena to JPMorgan Chase Bank, N.A. directing the production of certain documents relating to accounts of the Debtor and certain of its subsidiaries, pursuant to Fed. R. Bankr. P. 2004, together with the accompanying proposed order, to the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, for signature.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the application or entry of the proposed order, must be in writing, conform to the requirements in E.D.N.Y. LBR 9013-1 and be filed by July 28, 2025 (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection is filed by the Objection Deadline, a hearing will be scheduled on August 5, 2025 at 10:30 a.m., notice of which will be provided separately.

PLEASE TAKE FURTHER NOTICE, that in the event no objection is filed by the Objection Deadline, the proposed order in the form annexed to the application may be entered without a hearing.

Dated: New York, NY
       July 9, 2025

Amini LLC

/s/ Jeffrey Chubak
Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin Jones, Chapter 7 Trustee

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin
Jones, Esq. as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HONORS HOLDINGS, LLC,<br><br>                         Debtor. | Chapter 7<br><br>Case 24-44875 (ess) |

**APPLICATION FOR ORDER AUTHORIZING CHAPTER 7
TRUSTEE TO ISSUE DOCUMENT SUBPOENA TO JP MORGAN CHASE
BANK, N.A. PURSUANT TO BANKRUPTCY RULE 2004**

Lori Lapin Jones, Esq., solely in her capacity as Chapter 7 Trustee ("Trustee") of Honors Holdings, LLC ("Debtor") moves for an order authorizing the Trustee to issue a subpoena to JPMorgan Chase Bank, N.A. ("Chase Bank"), in the form attached as Exhibit 1, directing the production of documents relating to accounts of the Debtor and certain of its subsidiaries, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), and states:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

3. This case was commenced on November 20, 2024 by the filing of an involuntary petition.

4. An order for relief was entered March 3, 2025. (ECF No. 22.)

5. On March 4, 2025, the Trustee was appointed. (ECF No. 24.)

6. The Debtor maintained one or more bank accounts at Chase Bank (ECF No. 27, Schedule A/B), as did the Debtor's subsidiaries.

## RELIEF REQUESTED AND BASIS THEREFOR

7. By this application, the Trustee seeks entry of an order authorizing the Trustee to issue a subpoena to Chase Bank, directing production of documents relating to accounts of the Debtor and certain subsidiaries; specifically, HH Accounts Payable LLC, HH Collections LLC and HH Reserve LLC.

8. Good cause plainly exists for the Trustee to obtain the Debtor's bank records.[1]

9. Good cause also exists to obtain bank records of the three nondebtors, because based on the Trustee's investigation to date, they played a pivotal role in the Debtor's cash management system. It appears that historically, excess cash from operations of the Debtor's fitness studio subsidiaries was concentrated in a Chase Bank account titled in the Debtor's name. However, on November 14, 2023, two of the petitioning creditors filed a garnishment with the Cobb County State Court, whereupon Chase Bank froze that account and paid $3.7 million into that court. (See N.D. Ga. 24-cv-3493, ECF No. 14-4.) It further appears that in response, the Debtor formed the three "HH" entities on December 18, 2023, and opened accounts at Chase Bank

---

[1] The Debtor previously produced a copy of account statements from January 2022-March 2025 to the Trustee. However, the production did not include copies of checks, or wire transfer or ACH records; and further, the lookback period for Debtor transfers goes back to November 2020.

for each, for use in a modified cash management system. Under the new system, excess cash from operations was swept into the HH Collections LLC account. Per the notes to the statement of financial affairs (ECF No. 28, "SOFA"), "HH Accounts Payable LLC, made all payments on the Debtor's behalf", with those payments funded via transfers from the new collections account. The SOFA notes treat payments from the HH Accounts Payable LLC account as Debtor payments. Excess cash was kept in the HH Reserve LLC account.[2]

10. The Debtor previously produced to the Trustee a copy of Chase Bank statements for the HH Accounts Payable account from January 2024-March 2025. However, the production did not include copies of checks, wire transfer or ACH records or account opening documents, and the Trustee also seeks to obtain bank records concerning the other two "HH" nondebtor entities as part its investigation.

11. Bankruptcy Rule 2004(a) permits the examination of any entity. Pursuant to Bankruptcy Rule 2004(b), the scope of the exam may include "(A) the debtor's acts, conduct or property; (B) the debtor's liabilities and financial condition; [and] (C) any matter that may affect the administration of the debtor's estate." The scope has been described as "broader than discovery permitted under the Federal Rules of Civil Procedure." *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005). *See also In re Parikh*, 397 B.R. 518, 525-26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad … The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate."); *In re CENA's Fine Furniture, Inc.*, 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope

---

[2] The copy of the Partial Strict Foreclosure Agreement produced to the Trustee and the Debtor's Schedule A/B (included in ECF No. 27) indicate that equity interests in HH Collections LLC and HH Reserve LLC were foreclosed upon, while equity interests in HH Accounts Payable LLC were not foreclosed upon, with cash used to fund the wind down kept in HH Accounts Payable LLC's account.

of a Rule 2004 examination is unfettered and broad … Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds").

12. Pursuant to Bankruptcy Rule 2004(c), the production of documents may be compelled by subpoena.

13. The Trustee's records relating to the bank records sought is incomplete, as discussed above.

14. The Trustee requires a complete set of bank records to fully investigate the Debtor's financial affairs in accordance with section 704(a) of the Bankruptcy Code.

15. The Trustee accordingly seeks an order authorizing the Trustee to serve a subpoena requesting production of bank statements, copies of checks, all wire transfer and ACH payment record, covering the period November 1, 2020-June 30, 2025, plus all account opening documentation and signature cards for the subject accounts.

## NOTICE

16. This application is being made on notice to Chase Bank, the nondebtors whose bank records are sought by the Subpoena at the address of their registered agent, the Office of the United States Trustee and all persons that have entered an appearance in this case.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this application has been made to this Court or to any other court.

WHEREFORE, the Trustee requests that the Court grant this application and such other and further relief as the Court deems just and proper.

Dated: New York, NY  
       July 9, 2025

Amini LLC

/s/ Jeffrey Chubak  
Avery Samet, Esq.  
Jeffrey Chubak, Esq.  
Yosef Trachtenberg, Esq.  
131 West 35th Street  
12th Floor  
New York, NY 10001  
(212) 490-4700  
asamet@aminillc.com  
jchubak@aminillc.com  
ytrachtenberg@aminillc.com  
Special Litigation Counsel for Lori Lapin Jones, Chapter 7 Trustee