**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HONORS HOLDINGS, LLC,<br><br>        Debtor. | Chapter 7<br><br>24-44875 (ess) |

## CONFIDENTIALITY AND PROTECTIVE ORDER

  WHEREAS, Lori Jones, Esq. solely in her capacity as the Chapter 7 trustee ("Trustee") has made a turnover request of WhiteHorse Capital Management, LLC, in its capacity as agent under that certain Credit Agreement, dated as of September 6, 2019, (as same has been and may be further amended, restated, amended and restated, supplemented or otherwise modified from time to time) ("WhiteHorse", and together with the Trustee and any other person or entities who become bound by this Order by signifying their assent through execution of the undertaking to be bound in the form attached as Exhibit A, the "Parties"[1]); and

  WHEREAS, the Trustee has requested and may in the future request that WhiteHorse turnover, *inter alia*, certain WhiteHorse information relating to Honors Holdings, LLC and/or Camarillo Fitness Holdings, LLC in connection with that certain Notice of Default and Reservation of Rights, dated as of April 22, 2024, (collectively, the "Requested Material"); and

  WHEREAS, the Requested Material may include protectable information under Fed. R. Bankr. P. 9018(a)(1) and Fed. R. Civ. P. 26(c)(1)(G); and

  WHEREAS, to facilitate production, the Parties have jointly requested that the Court enter this Order; and

---

[1] The designation of a "Party" is for purposes of reference in this Order only.

***WHEREAS*, the Court held a hearing on the Parties' joint request on August 5, 2025, at which the Trustee, Headquarter Landlord, WhiteHorse Capital Management LLC, and Core2000 LLC appeared and were heard; and**

Good cause having been shown, it is hereby ORDERED as follows:

1. **Proceedings and Information Governed.** This Order and any amendments hereto shall govern any Material (defined below) produced by WhiteHorse to the Trustee in this case. This Order shall not preclude WhiteHorse from withholding any Material on the basis of the attorney-client privilege, work product doctrine or any other applicable privilege. Inadvertent production of any privileged Material shall not be deemed a waiver of such privilege or otherwise affect WhiteHorse's right to seek return of such Material. This Order does not prohibit WhiteHorse from seeking a protective order in any contested matter or adversary proceeding in this case.

2. **Definitions.**

"Confidential Material" means Material that constitutes, reflects, or contains trade secrets or other confidential research, development, or commercial information. Information is not Confidential Material if it is in the public domain at the time of disclosure, becomes part of the public domain, already was in the possession of the Trustee at the time of disclosure, or has been produced to the Trustee by another person, in each case, as a result of production not involving a violation of this Order or by other unlawful means.

"Material" means any document, thing, or item of information, regardless of how it is generated, stored, or maintained. The protections conferred by this Order cover not only Material as defined herein, but also information summarized or extracted from Material, and any testimony, conversations, or presentations by Parties or their counsel that might reveal Material.

3. **Designation of Confidential Material.**

(a) To designate Material as Confidential Material, WhiteHorse shall affix a "Confidential" legend or other similar identifying label or stamp either on the document it deems Confidential, in the electronic file name of such document, or in the contemporaneous communication (such as e-mail) transmitting the Confidential Material.

(b) WhiteHorse may designate information disclosed at a Fed. R. Bankr. P. 2004 examination or deposition as Confidential Material by requesting that the reporter so designate all or part of the transcript either at the time of the examination or deposition by stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated, or within twenty-one (21) days after receipt of the transcript. Where only a portion of a transcript contains Confidential Material, only those portions that contain such Confidential Material may be so designated.

(c) If WhiteHorse designates information presented in an examination or deposition as Confidential Material, it may exclude from the room, or from any remote examination or deposition, any person not authorized to receive Confidential Material under this Order.

(d) In the event that testimony is designated as Confidential Material, the court reporter shall be instructed by WhiteHorse to include on the cover page of each such transcript: "This transcript contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript containing testimony designated as Confidential Material shall be stamped or otherwise denoted as "Confidential."

(e) WhiteHorse shall use reasonable care to avoid designating as Confidential Material any Material that is not entitled to such protection under Fed. R. Bankr. P. 9018(a)(1) and Fed. R. Civ. P. 26(c)(1)(G), or that is generally available to the public.

4. **Non-Waiver/Inadvertent Failure to Designate.** An inadvertent failure by WhiteHorse to designate qualified information or items as "Confidential" does not, standing alone, waive WhiteHorse's right to secure protection under this Order for such material. In the event that WhiteHorse fails to designate Material as Confidential Material, it may correct the error by notifying the Trustee of the error in writing and making the appropriate designation. The Trustee shall then treat that Material in accordance with the Confidential Material designation and shall take reasonable steps to ensure that any person to whom the Trustee has previously disclosed that Material treats it in accordance with the Confidential Material designation as well.

5. **Challenges to Confidential Designation.** The Trustee may challenge WhiteHorse's designation of Material as Confidential Material. The Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the Trustee may object in writing to WhiteHorse's counsel (which may be by email) to remove the designation from specified Material. If WhiteHorse rejects such request, the Trustee may request a conference pursuant to ¶ 5.c of the Judges' Procedures of this District to resolve the dispute. If the dispute is not resolved at the conference, the Trustee may move the Court for an order removing or changing the designation. WhiteHorse bears the burden of demonstrating the Material is Confidential Material. The disputed Material shall remain Confidential Material unless and until the Court orders otherwise. The Trustee shall not disclose any Material designated Confidential Material that is subject to such a challenge unless and until the Parties agree or the Court has ordered the designation changed.

6. **Effect of Confidential Designation**.

(a) All Material designated or deemed Confidential Material may be used by persons to whom it was disclosed solely for the purpose of proceedings in this case (including appeals).

Confidential Material shall be used for no other purpose absent agreement of the Parties or authorization of the Court upon notice to the other Party and an opportunity to be heard.

(b) Material designated or deemed Confidential Material may be disclosed by the Trustee only to the following persons:

    (i) The Trustee's employees;

    (ii) Counsel and special counsel employed under 11 U.S.C. § 327, and such counsel's employees;

    (iii) Court reporters and stenographers engaged to transcribe examinations or depositions or other proceedings in this case;

    (iv) The Court and its employees;

    (v) Experts, consultants, accountants, advisors, and similar professionals employed by the Trustee in connection with this case (together, "Advisors"), provided such Advisor has executed an undertaking to be bound in the form attached as Exhibit A;

    (vi) Any nonparty witness, or any person reasonably anticipated to be a witness, in an examination or deposition or other proceeding in this case, to whom disclosure is reasonably necessary, provided such witness has executed an undertaking to be bound in the form attached as Exhibit A.

(c) Prior to disclosing or displaying Confidential Material to any persons identified in Paragraphs 6(b)(i)-(iv), or (g), counsel must: (i) inform the person of the confidential nature of the Material; and (ii) inform the person that this Court has enjoined the use of the Material for any purpose other than as provided for in this Order and has enjoined the disclosure of Confidential Material to any other person.

(d) Prior to disclosing or displaying Confidential Material to any persons identified in Paragraphs 6(b)(v) or (vi), counsel must also provide the person with a copy of this Order and obtain a signed Declaration binding the person to this Order. Any person that executes such an agreement shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto. Counsel making a disclosure to a party required to execute an undertaking to be

bound in the form provided as <u>Exhibit A</u> hereto shall retain the original or PDF undertaking described hereinabove, together with the full names and addresses of each signatory.

(e) Even after final disposition of this case, the confidentiality obligations hereunder shall remain in effect until WhiteHorse agrees otherwise in writing or a Court order otherwise directs upon notice to WhiteHorse and an opportunity to be heard.

7. **Confidential Material Filed with the Court.** A Party filing Confidential Material with the Court (or any other court) shall file it under seal. WhiteHorse may designate Material disclosed at a hearing or Court conference as Confidential Material by requesting, at the time that Material is proffered or adduced, that the Court receive the Material in camera and designate the transcript appropriately. This Order shall not be construed to be a waiver of any objection to the introduction, use, or reference to such information at a hearing or trial or of any right to move to limit or restrict such introduction, use or reference at a hearing or trial.

8. **Unauthorized Disclosure.** In the event that the Trustee or any recipient of Material designated by WhiteHorse as Confidential Material learns that it has disclosed Confidential Material, inadvertently or otherwise, to a person not authorized as a recipient of that Confidential Material under this Order, the Trustee or the recipient, as the case may be, shall, upon learning of that disclosure, do the following: (i) immediately notify the person to whom the disclosure was made that the disclosure contained Confidential Material subject to this Order; (ii) immediately make reasonable efforts to obtain the return of the Confidential Material, and preclude its dissemination, from the person to whom the disclosure was made; and (iii) immediately give written notice to WhiteHorse of the identity of the person(s) to whom the disclosure was made, the nature and circumstances of the disclosure, and the steps taken to obtain the return of the Confidential Material and ensure against its further dissemination or use.

9. **Subpoenas.** In the event the Trustee or any person who has received disclosure of Material pursuant to this Order having possession, custody, or control of any Material deemed or designated Confidential Material under this Order, receives a Subpoena to produce such Confidential Material (or that would result in the production of that Confidential Material), the subpoenaed person shall, within five (5) business days, do the following:

    (i) Furnish WhiteHorse's counsel with a copy of the subpoena;

    (ii) Provide reasonable cooperation to WhiteHorse with respect to any procedure instituted by WhiteHorse to protect the confidentiality of the Confidential Material at issue, including seeking all reasonable extensions to afford WhiteHorse an opportunity to obtain appropriate judicial relief; and

    (iii) Refrain from compliance with the subpoena insofar as it would result in production of Confidential Material unless and until (1) WhiteHorse consents to compliance with the subpoena, (2) the Court from which the subpoena issued enters an order compelling compliance or (3) ten (10) business days have passed, after furnishing WhiteHorse's counsel with a copy of the subpoena, without its having moved to quash or modify the subpoena, to prevent disclosure of the Confidential Material. For the avoidance of doubt, in no event shall the subpoenaed person have any obligation to seek judicial relief regarding the subpoena.

10. **No Waiver.** Neither the taking of nor the failure to take any action to enforce the provisions of this Order nor the exercise of or failure to exercise any rights created by this Order shall constitute a waiver of any right to seek or obtain protection or relief as specified herein, or provided by law, or to pursue any claim or defense in this case or any other action. This Order shall not affect the rights of the Parties to object to discovery on any grounds other than those related to the disclosure of Confidential Material, nor shall it relieve a Party of its obligation to respond properly to discovery requests. The foregoing is without prejudice to the right of any Party to apply to the Court for an order to:

(a) Further protect Confidential Information;

(b) Seek protection regarding the production of documents or information;

(c) Compel production of documents or information; or

(d) Modify this Order.

11. **No Waiver/Reservation of Rights.** Nothing in this Order shall have the effect of waiving (i) either Party's rights under Rule 2004 of the Federal Rules of Bankruptcy Procedure or Rule 2004-1 of the Local Bankruptcy Rules for the Eastern District of New York, (ii) either Party's right to dispute ownership of privilege related to the Requested Material, or (iii) either Party's right to dispute ownership of the Requested Material.

12. **Privilege.** The production of privileged or work-product protected Material, electronically stored Material, or other Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence and shall be interpreted to provide the maximum protection allowed by Federal Rules of Evidence 502(b) and 502(d).

13. **Trustee's Liability.** Nothing contained herein shall impose any personal liability on the Trustee.



Dated: Brooklyn, New York
August 8, 2025

_____
Elizabeth S. Stong
United States Bankruptcy Judge

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> HONORS HOLDINGS, LLC, <br><br> Debtor. | Chapter 7 <br><br> 24-44875 (ess) |

**UNDERTAKING**

I, _____, declare under penalty of perjury that I am fully familiar with the terms of the Confidentiality Order dated _____, 2025, in the above-captioned case. I hereby agree to comply with and be bound by the terms and conditions of that Order, unless and until modified by order of that court. I hereby consent to the jurisdiction of the United States Bankruptcy Court for the Eastern District of New York for purposes of enforcing this Undertaking.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____            _____

                                                                                                                                        Signature