Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin
Jones, Esq. as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HONORS HOLDINGS, LLC,<br><br>                            Debtor. | Chapter 7<br><br>Case 24-44875 (ess) |

### NOTICE OF PRESENTMENT OF APPLICATION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO ISSUE SUBPOENA TO <u>PROSPECT HILL GROWTH PARTNERS, L.P.</u>

PLEASE TAKE NOTICE that on February 3, 2026 at 9:30 a.m., Lori Lapin Jones, Esq., solely in her capacity as Chapter 7 Trustee ("<u>Trustee</u>") of Honors Holdings, LLC ("<u>Debtor</u>") will present the annexed application for an order authorizing the Trustee to issue a subpoena to Prospect Hill Growth Partners, L.P. ("<u>PHGP</u>") directing the examination of Jeff Teschke, and the production of documents relating to (i) payments that the Debtor made to Joseph Fortunato and PHGP, (ii) the Debtor's financial condition, and (iii) PHGP's direct or indirect management or other roles with respect to the Debtor, pursuant to Fed. R. Bankr. P. 2004, together with the accompanying proposed order, to the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, for signature.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the application or entry of the proposed order, must be in writing, conform to the requirements in E.D.N.Y. LBR 9013-1 and be filed by January 27, 2026 (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection is filed by the Objection Deadline, a hearing will be scheduled on February 17, 2026, at 10:30 a.m., notice of which will be provided separately.

PLEASE TAKE FURTHER NOTICE, that in the event no objection is filed by the Objection Deadline, the proposed order in the form annexed to the application may be entered without a hearing.

Dated: New York, NY
January 6, 2026

Amini LLC

*/s/ Yosef Trachtenberg*
Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin Jones, Chapter 7 Trustee

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin
Jones, Esq. as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| In re:                | Chapter 7              |
|-----------------------|------------------------|
| HONORS HOLDINGS, LLC, | Case 24-44875 (ess)    |
| Debtor.               |                        |

### APPLICATION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO ISSUE SUBPOENA TO PROSPECT HILL GROWTH PARTNERS, L.P.

Lori Lapin Jones, Esq., solely in her capacity as Chapter 7 Trustee ("Trustee") of Honors Holdings, LLC ("Debtor"), moves for an order authorizing the Trustee to issue a subpoena to Prospect Hill Growth Partners, L.P. ("PHGP"), in the form attached as Exhibit 1, directing the examination of Jeff Teschke ("Teschke"), and the production of documents relating to (i) payments that the Debtor made to Joseph Fortunato ("Fortunato") and PHGP, (ii) the Debtor's financial condition, and (iii) PHGP's direct or indirect management or other roles with respect to the Debtor, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), and states:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

### I. PHGP'S RELATIONSHIP TO THE DEBTOR

3. Upon information and belief, the Debtor was the sole member of limited liability companies (the "Studio Subsidiaries") that operated Orangetheory Fitness studios as franchisees of OTF Franchisor, LLC ("OTF").

4. Upon information and belief, at all relevant times, the Debtor's sole member was HH Holdco, Inc. ("HH Holdco").

5. Upon information and belief, HH Holdco's sole shareholder was JWC Peach Holdings, L.P. ("JWC Peach").

6. Upon information and belief, JWC Peach's general partner is JWC Peach Holdings GP, LLC, whose sole member is Prospect Hill Growth Advisors II GP, LLC, an affiliate of PHGP.

7. Upon information and belief, the majority of equity interests in JWC Peach are owned by PHGP affiliates or partners.

8. Upon information and belief, Teschke is a partner at PHGP and served as a key executive of JWC Peach and HH Holdco and was the individual the Debtor's officers reported to.

### II. PAYMENTS THE DEBTOR MADE TO JOSEPH FORTUNATO AND PHGP

9. Upon information and belief, Fortunato is an operating partner at PHGP.

10. Upon information and belief, JWC Peach engaged Fortunato to provide services for the Debtor pursuant to a letter agreement dated December 22, 2017. The Debtor was not a party to this agreement.

11. The books and records of the Debtor reflect that the Debtor made payments to Fortunato.

12. The books and records of the Debtor reflect that Debtor also reimbursed PHGP for various expenses.

### III. THE ALLEGED PARTIAL STRICT FORECLOSURE

13. The Debtor was borrower under a Credit Agreement dated as of September 6, 2019 with WhiteHorse Capital Management, LLC ("WhiteHorse") as agent.

14. The related loan documents reflect that HH Holdco pledged its equity in the Debtor to secure repayment of the obligations and granted WhiteHorse an irrevocable proxy to vote the pledged equity.

15. On April 22, 2024, WhiteHorse declared a default under the Credit Agreement for failure to make an interest payment, and exercised its rights to vote the pledged equity to remove HH Holdco as manager of the Debtor and appoint a different manager in its stead.

16. On September 25, 2024, the Debtor entered into a Partial Strict Foreclosure Agreement ("PSFA") with WhiteHorse, pursuant to which membership interests in certain of its subsidiaries, including 109 Studio Subsidiaries, were transferred to WhiteHorse's assignees Camarillo Fitness Holdings, LLC and Camarillo Fitness Opco, LLC (together, "Camarillo") in exchange for satisfaction of $70 million of debt under the Credit Agreement. WhiteHorse foreclosed on the equity interests of an additional twelve subsidiaries of the Debtor on November 8, 2024.

17. Upon information and belief, the relevant franchise agreements required OTF's consent to effectuate any transfer of ownership interest in an Orangetheory Fitness studio.

18. Upon information and belief, to consummate the PSFA, WhiteHorse communicated with OTF regarding transferring the Debtor's membership interests in the Studio Subsidiaries to Camarillo.

3

19. On November 20, 2024, this case was commenced by the filing of an involuntary petition.

20. An order for relief was entered March 3, 2025. (ECF No. 22.)

21. On March 4, 2025, the Trustee was appointed. (ECF No. 24.)

## RELIEF REQUESTED AND BASIS THEREFOR

22. By this application, the Trustee seeks entry of an order authorizing the Trustee to issue a subpoena to PHGP directing the examination of Teschke, and the production of documents relating to payments that the Debtor made to Fortunato and PHGP, Debtor's financial condition, and PHGP's direct or indirect management or other roles of PHGP with respect to the Debtor.

23. The Debtor paid expense reimbursements to PHGP and board compensation to Fortunato. The Trustee seeks to investigate the propriety of these payments and whether they are avoidable for the benefit of the estate. Good cause exists to subpoena documents as this information is necessary to evaluate, inter alia, potential fraudulent transfer and voidable transaction claims that the Chapter 7 estate may have against Fortunato and PHGP.

24. The Trustee also seeks information relating to the Debtor's financial condition, the foreclosure, and the transfer of the Debtor's membership interests in the Studio Subsidiaries. As the majority equity holder of JWC Peach, upon information and belief PHGP was privy to material developments and decision-making involving the Debtor. Upon information and belief, PHGP was also involved in discussions with WhiteHorse and OTF in connection with transferring the Debtor's membership interests in the Studio Subsidiaries. Teschke served as a key executive of JWC Peach and was responsible for overseeing the Debtor's account and management. As such, good cause exists to subpoena documents and examine Teschke as this information is essential to the Trustee's investigation into whether the foreclosure process was properly executed.

25. Bankruptcy Rule 2004(a) permits the examination of any entity. Pursuant to Bankruptcy Rule 2004(b), the scope of the exam may include "(A) the debtor's acts, conduct or property; (B) the debtor's liabilities and financial condition; [and] (C) any matter that may affect the administration of the debtor's estate." The scope has been described as "broader than discovery permitted under the Federal Rules of Civil Procedure." *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005). *See also In re Parikh*, 397 B.R. 518, 525-26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad … The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate."); *In re CENA's Fine Furniture, Inc.*, 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad … Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds").

26. Pursuant to Bankruptcy Rule 2004(c), the production of documents may be compelled by subpoena.

27. The Trustee's records relating to the above topics is incomplete. This information is essential for the Trustee to fully investigate the Debtor's financial affairs pursuant to section 704(a) of the Bankruptcy Code.

28. To avoid doubt, PHGP would not be required to produce any document pursuant to the subpoena that it previously turned over to the Trustee.

29. Accordingly, the Trustee seeks an order authorizing the Trustee to serve a subpoena requesting production of documents responsive to the above-described categories.

## **NOTICE**

30. This application is being made on notice to PHGP, Teschke, Fortunato, the Office of the United States Trustee and all persons that have entered an appearance in this case.

## NO PRIOR REQUEST

31.     No prior request for the relief sought in this application has been made to this Court or to any other court.

WHEREFORE, the Trustee requests that the Court grant this application and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, NY<br>January 6, 2026 | Amini LLC<br><br>*/s/ Yosef Trachtenberg*<br>Avery Samet, Esq.<br>Jeffrey Chubak, Esq.<br>Yosef Trachtenberg, Esq.<br>131 West 35th Street<br>12th Floor<br>New York, NY 10001<br>(212) 490-4700<br>asamet@aminillc.com<br>jchubak@aminillc.com<br>ytrachtenberg@aminillc.com<br>Special Litigation Counsel for Lori Lapin Jones, Chapter 7 Trustee |