Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin
Jones, Esq. as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| HONORS HOLDINGS, LLC, | Case 24-44875 (ess) |
| Debtor. | |

**NOTICE OF PRESENTMENT OF APPLICATION OF**
**CHAPTER 7 TRUSTEE FOR ORDER PURSUANT TO FEDERAL RULE**
**OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING EXAMINATION**
**OF WHITEHORSE CAPITAL MANAGEMENT, LLC**

PLEASE TAKE NOTICE that on March 16, 2026 at 10:00 a.m., Lori Lapin Jones, Esq.,

solely in her capacity as Chapter 7 Trustee ("Trustee") of Honors Holdings, LLC ("Debtor") will

present the accompanying application for an order pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure authorizing the Trustee to examine and take document discovery of

WhiteHorse Capital Management, LLC, together with the accompanying proposed order, to the

Honorable Elizabeth S. Stong, United States Bankruptcy Judge, for signature.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the application or entry of

the proposed order, must be in writing, conform to the requirements in E.D.N.Y. LBR 9013-1

and be filed by March 9, 2026 (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection is filed by the Objection Deadline, a hearing will be scheduled on March 17, 2026 at 10:30 a.m., notice of which will be provided separately.

PLEASE TAKE FURTHER NOTICE, that in the event no objection is filed by the Objection Deadline, the proposed order in the form annexed to the application may be entered without a hearing.

Dated: New York, NY
      February 17, 2026

Amini LLC

*/s/ Yosef Trachtenberg*
Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin
Jones, Chapter 7 Trustee

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin
Jones, Esq. as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| HONORS HOLDINGS, LLC, | Case 24-44875 (ess) |
| Debtor. | |

### APPLICATION OF CHAPTER 7 TRUSTEE FOR ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING EXAMINATION OF WHITEHORSE CAPITAL MANAGEMENT, LLC

Lori Lapin Jones, Esq., solely in her capacity as Chapter 7 Trustee ("Trustee") of Honors Holdings, LLC ("Debtor") moves for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the Trustee to examine and take document discovery of WhiteHorse Capital Management, LLC ("WhiteHorse"). The document requests are attached as Exhibit 1 and the examination topics are attached as Exhibit 2.

### INTRODUCTION

1.      Upon information and belief, the Debtor together with its subsidiaries were one of the largest franchisees of Orangetheory Fitness studios in the country.

2. Upon information and belief, WhiteHorse was the Debtor's lender. The loan documents reflect that the loan was secured by, <u>inter alia</u>, equity interests in the Debtor that its corporate parent HH Holdco, Inc. had pledged.

3. Upon information and belief, on April 22, 2024, WhiteHorse declared a payment default, accelerated the loan and exercised rights as pledgee to remove the corporate parent as the Debtor's manager and appoint Grant Lyon of Areté Capital Partners, LLC as its manager instead.

4. Upon information and belief, pursuant to a Partial Strict Foreclosure Agreement dated September 25, 2024 ("<u>PSFA</u>"), WhiteHorse purportedly foreclosed on substantially all of the Debtor's assets and assigned the same to Camarillo Fitness Holdings, LLC and Camarillo Fitness OpCo, LLC (together, "<u>Camarillo</u>"), both newly-formed entities created to take assignment of the Debtor's profitable studios and the other assets of the Debtor and its subsidiaries.

5. Consistent with 11 U.S.C. § 704(a)(4), the Trustee is investigating the foreclosure and the Trustee and WhiteHorse have been engaged in informal discovery. A protective order has been entered (ECF #68), and on November 14, 2025, WhiteHorse produced approximately 47,428 documents based upon application of agreed search terms to an agreed list of custodians covering an agreed period, and withheld approximately 15,000 documents that it determined were presumptively privileged.

6. The Trustee now needs to formalize WhiteHorse's production to date, to complete the production of documents, and to compel the production of withheld documents or to compel the production of a privilege log that would permit the Trustee to assess claims of privilege as contemplated by Rule 26(b)(5) of the Federal Rules of Civil Procedure. In addition, the Trustee's review of the documents produced by WhiteHorse indicates that additional responsive documents likely exist outside the previously agreed-upon search parameters.

7. By this application, the Trustee is not seeking from WhiteHorse the production of documents it already produced.

8. The Trustee also seeks to examine a WhiteHorse corporate representative on topics relating to the foreclosure and assignment to Camarillo.

**JURISDICTION**

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**BACKGROUND**

11. As noted above, upon information and belief, WhiteHorse purportedly consummated the foreclosure transaction on September 25, 2024. WhiteHorse asserts this foreclosure was in satisfaction of approximately $70 million in debt.

12. Upon information and belief, on November 8, 2024, WhiteHorse exercised an option under the PSFA to acquire and assign to Camarillo equity interests in the Debtor's studio-operating subsidiaries.

13. This involuntary Chapter 7 case was commenced on November 20, 2024.

14. Upon information and belief, at the time of the involuntary filing, the foreclosure was not complete. Pursuant to a Transition Services Agreement dated September 25, 2024, the Debtor continued to provide certain services to Camarillo including payroll, benefits, A/R, A/P, accounting, etc., as Camarillo had not opened bank accounts at that time and was still utilizing those of the Debtor and its subsidiaries to make and receive payments.

15. Upon information and belief, a Master Relationship Agreement among Camarillo and its subsidiaries and the franchisor resolving the defaults was executed on January 13, 2025.

16. That agreement provided for the transfer of $1.4 million held by the franchisor that had been garnished by a creditor of the Debtor to a bank account used by the Debtor and purported to require the Debtor to cure defaults for leased premises located at 715 Lexington Avenue.

17. An order for relief was entered on March 3, 2025.

18. The Trustee was appointed on March 4, 2025.

19. On May 1, 2025, the Trustee made a turnover demand of WhiteHorse requesting documents related to, inter alia, the loan and foreclosure transaction, pursuant to section 542(e) of the Bankruptcy Code.

20. The Trustee and WhiteHorse subsequently entered into a protective order and reached agreement concerning custodians and search terms.

21. On November 14, 2025, WhiteHorse produced 47,428 emails and documents, comprised of communications responsive to the search terms.

22. WhiteHorse held back from production 14,919 emails and documents responsive to the search terms that it determined were presumptively privileged.

23. The Trustee has requested a privilege log to assess the asserted privilege. To date, WhiteHorse has not provided a privilege log.

**RELIEF REQUESTED AND BASIS THEREFOR**

24. The Trustee seeks authorization to serve a document subpoena. To the extent WhiteHorse has already produced documents responsive to the document requests, it should so indicate. The Trustee is not asking for WhiteHorse to reproduce any documents. To the extent documents have been withheld based on privilege, the Trustee seeks a privilege log to assess the asserted privilege. In addition, the Trustee is seeking documents that relate to the loan, the foreclosure and assignment to Camarillo which may have not already been requested and

4

produced. To avoid doubt, WhiteHorse would not be required to produce any documents that it previously produced.

25. The Trustee also seeks to examine a corporate representative on topics relating to the loan, the foreclosure and assignment to Camarillo.

26. Bankruptcy Rule 2004(c) provides "an entity may be compelled under Rule 9016 to attend [the examination] and produce documents or electronically stored information."

27. The scope of the examination is broad and includes "the debtor's acts, conduct or property", "the debtor's liabilities and financial condition" and "any matter that may affect the administration of the debtor's estate."

28. The scope has been described as "broader than discovery permitted under the Federal Rules of Civil Procedure." *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005). *See also In re Parikh*, 397 B.R. 518, 525-26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad … The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate."); *In re CENA's Fine Furniture, Inc.*, 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad … Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds").

29. Good cause exists for the requested discovery, given the Trustee's duty to investigate the foreclosure, and that WhiteHorse and its affiliates including Camarillo are the principal custodians of documents and information relating to the foreclosure.

## **<u>NOTICE</u>**

30. This application is being made on notice to WhiteHorse, the Office of the United States Trustee and all persons that have entered an appearance in this case.

5

## <u>NO PRIOR REQUEST</u>

31. No prior request for the relief sought in this application has been made to this Court or to any other court.

WHEREFORE, the Trustee requests that the Court grant this application and such other and further relief as the Court deems just and proper.

Dated: New York, NY               Amini LLC
       February 17, 2026

                                      */s/ Yosef Trachtenberg*
                                      Avery Samet, Esq.
                                      Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin Jones, Chapter 7 Trustee