UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re

HONORS HOLDINGS, LLC,

Debtor.
------------------------------------------------------x

Chapter 7

Case No. 24-44875-ess

**MEDIATION REFERRAL ORDER**

WHEREAS, on November 20, 2024, an involuntary Chapter 7 petition was filed against Honors Holdings, LLC (the "Debtor"); and

WHEREAS, on February 27, 2025, the Court entered an Order for Relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on March 4, 2025, the Office of the United States Trustee filed a Notice of Appointment of Lori Lapin Jones (the "Chapter 7 Trustee") as Chapter 7 Trustee in this bankruptcy case; and

WHEREAS, on July 9, 2026, the Chapter 7 Trustee filed a Motion to Enforce the Automatic Stay (the "Motion"); and

WHEREAS, on August 4, 2026, Core2000, LLC, filed a Memorandum of Law in Opposition to the Motion (the "Opposition"); and

WHEREAS, on August 7, 2026, the Chapter 7 Trustee filed a Reply to the Opposition; and

WHEREAS, on August 11, 2026, the Court held a hearing on the Motion, at which the Chapter 7 Trustee, Core2000, LLC, WhiteHorse Capital Management, LLC, OTF Franchisor, LLC, and RSA Capital Partners, LLC, appeared and were heard; and

WHEREAS, at the August 11, 2026, hearing, the Court directed the parties to confer on a referral to mediation in connection with the Motion and to file a joint status letter; and

WHEREAS, on August 20, 2026, the Chapter 7 Trustee filed a Letter advising the Court that the parties are agreeable to proceeding with mediation in connection with the Motion.

NOW THEREFORE, it is hereby

ORDERED, that the Chapter 7 Trustee, WhiteHorse Capital Management, LLC, Grant Lyon, Core2000, LLC, and Robert Scot James (together, the "Mediation Parties") are referred to mediation pursuant to Rule 9019-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York; and it is further

ORDERED, that on or before September 10, 2026, the Mediation Parties shall select a mediator from the Mediation Register of approved mediators kept by the Clerk of Court and available on the Court's website; and it is further

ORDERED, that on or before September 10, 2026, the Mediation Parties shall submit a stipulation and mediation order (a proposed form of which is annexed hereto) to be so-ordered by this Court, which authorizes the appointment of the jointly-selected mediator and sets forth the terms of the mediation; and it is further

ORDERED, that in the event that the Mediation Parties are not able jointly to select a mediator on or before September 10, 2026, then they shall advise the Court in writing and a telephone conference with the Court may be scheduled; and it is further

ORDERED, that an individual with final authority to settle this controversy and to bind the Party shall attend the mediation on behalf of each Party; and it is further

ORDERED, that the first mediation session shall be conducted on or before October 9, 2026.

**Dated: Brooklyn, New York**
**August 20, 2026**

United States Bankruptcy Court Eastern District of New York

Elizabeth S. Stong
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re

HONORS HOLDINGS, LLC,

Debtor.
-------------------------------------------------------x

Chapter 7

Case No. 25-40665-ess

**STIPULATION AND MEDIATION ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").
2. The parties jointly accept ________________ to provide mediation services to them (the "Mediator").
3. The Mediation shall be non-binding.
4. The Mediator shall not have authority to render a decision that shall bind the parties.
5. The parties are not obligated to agree to any proposals which are made during the Mediation.
6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.
7. The Mediator may meet in private conference with less than all of the parties.
8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.
9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.
10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other

proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator's compensation shall be on such terms as are satisfactory to the Mediator and the parties and shall be subject to Court approval if the estate is to be charged with such expense. Absent agreement or Court order to the contrary, the parties to the Mediation shall pay equal shares of the Mediator's compensation.

14. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: ___________________________

___________________________________
Chapter 7 Trustee

___________________________________
Core2000, LLC

___________________________________
WhiteHorse Capital Management, LLC

___________________________________
Grant Lyon

___________________________________
Robert Scot James

Consented to:

___________________________________
Mediator

TO:

**Honors Holdings, LLC**
120 Interstate Parkway SE
Atlanta, GA 30339

**Brian Lennon**
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

**Lori Lapin Jones**
Lori Lapin Jones PLLC
98 Cutter Mill Road
Suite 255 South
Great Neck, NY 11021

**Jeffrey Chubak**
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001

**Holly R. Holecek**
LaMonica Herbst & Maniscalco LLP
3305 Jerusalem Avenue
Wantagh, NY 11793

**Yosef Trachtenberg**
Amini LLC
131 West 35th Street
Ste 12th Floor
New York, NY 10001

**Office of the United States Trustee**
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408

**Albena Petrakov, Esq.**
OFFIT | KURMAN, P.A.
590 Madison Avenue
6th Floor
New York, NY 10022

**Bryn H. Sherman, Esq.**
**Stephen Nichols, Esq.**
OFFIT | KURMAN, P.A.
7501 Wisconsin Avenue
Suite 1000W
Bethesda, MD 20814

**Gregory M. Juell**
**David M. Riley**
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020

**Eric D. Goldberg**
DLA Piper LLP (US)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067

**Carey D. Schreiber**
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193

**M. Ryan Pinkston**
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105

**Shawn M. Christianson, Esq.**
Buchalter, A Professional Corporation
425 Market Street, Suite 2900
San Francisco, California 94105-3493

**Mark F. Magnozzi, Esq.**
The Magnozzi Law Firm, P.C.
23 Green Street, Suite 302
Huntington, New York 11743

**George P. Angelich**
**Beth M. Brownstein**
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019

**James E. Britton**
ArentFox Schiff LLP

800 Boylston Street, 32nd Floor
Boston, MA 02199

**Carl F. Regelmann**
Tannenbaum Helpern Syracuse & Hirschtritt LLP
900 Third Avenue, 13th Floor
New York, New York 10022

**Greg Shinall**
Sperling Kenny Nachwalter
321 North Clark Street, 25th Floor
Chicago, Illinois 60654

**Elizabeth A. Laughlin**
Sperling Kenny Nachwalter
321 North Clark Street, 25th Floor
Chicago, Illinois 60654