Objection Deadline: November 10, 2026
Hearing Date: November 17, 2026, at 10:30 a.m.

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin
Jones, Esq., as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HONORS HOLDINGS, LLC,<br><br>Debtor. | Chapter 7<br><br>Case 24-44875 (ess) |

**SUMMARY SHEET**

**FIRST APPLICATION OF AMINI LLC, SPECIAL LITIGATION COUNSEL FOR LORI LAPIN JONES, ESQ., CHAPTER 7 TRUSTEE, FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Applicant | Amini LLC |
| Role | Special Litigation Counsel for Lori Lapin Jones, Esq., Chapter 7 Trustee |
| Retention Date | 04/11/2025 |
| Compensation Requested | $88,281.29 |
| Expenses Requested | $2,917.12 |
| Interim/Final | Interim |

**EXPENSES**

| | |
|---|---|
| 50% of discovery vendor costs - Lexbe (10/2025-05/2026) | $1,439.62 |
| Court Reporter - 03/09/2026 deposition of Prospect Hill taken by Yosef Trachtenberg | $1,477.50 |

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Yosef Trachtenberg, Esq.
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin
Jones, Esq., as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HONORS HOLDINGS, LLC,<br><br>Debtor. | Chapter 7<br><br>Case 24-44875 (ess) |

**FIRST APPLICATION OF AMINI LLC, SPECIAL LITIGATION COUNSEL FOR LORI LAPIN JONES, ESQ., CHAPTER 7 TRUSTEE, FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Amini LLC, special litigation counsel for Lori Lapin Jones, Esq., the Chapter 7 Trustee ("Trustee") of Honors Holdings, LLC ("Debtor"), submits this first application ("Application") for interim allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. §§ 328, 330, 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

This Application is for (a) contingency fees based upon (i) a settlement with Prospect Hill Growth Partners, L.P. and affiliates ("Prospect Hill"), in the amount of $220,000.00 that was approved by the Bankruptcy Court pursuant to Bankruptcy Rule 9019 (ECF No. 131); and (ii) the Trustee's recovery in the amount of $44,844.50 from Wargo, French & Singer ("Wargo") following the Trustee's demand for the return of a prepetition transfer made by the Debtor to Wargo; and (b) reimbursement of expenses.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157, 1334(b) and the amended standing order of reference.

2. This case is properly venued in this district under 28 U.S.C. § 1408.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), (O).

## BACKGROUND

4. This case was commenced by the filing of an involuntary petition against the Debtor on November 20, 2024. (ECF No.1.)

5. An order for relief was entered on March 3, 2025. (ECF No. 22.)

6. The Trustee was appointed on March 4, 2025. (ECF No. 24.)

7. On April 11, 2025, an order was entered authorizing the employment of Amini LLC as special litigation counsel to the Trustee, a copy of which is attached as Exhibit 1 ("Retention Order").

8. The Retention Order approved the employment of Amini LLC on terms set forth in the employment application and declaration, which provided for the employment of Amini LLC "on a contingency fee [basis], with Amini LLC to be paid 33-1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini pursues, whether through settlement, suit or otherwise".

9. The Trustee has reviewed this Application in advance of filing and has approved the requested fees and expenses.

## RELIEF REQUESTED

10. Amini LLC requests an interim allowance of compensation in the amount of $88,281.29 based upon recovery by the Trustee from (a) Prospect Hill in the amount of $220,000 and (b) Wargo in the amount of $44,844.50.

11. Amini LLC also seeks reimbursement of expenses in the amount of $2,917.12 based upon (a) $1,477.50 in court reporter costs incurred in connection with a Bankruptcy Rule 2004 examination of Prospect Hill and (b) $1,439.62 in discovery vendor costs.[1]

### I. Prospect Hill Settlement

12. The Debtor is a wholly owned subsidiary of HH Holdco, Inc., which in turn is wholly owned by JWC Peach Holdings, L.P. Prospect Hill was the majority equity owner of the Debtor through JWC Peach Holdings, L.P. and appointed several directors to its board.

13. Upon its review of books, records and bank statements of the Debtor, Amini LLC identified potential avoidable transfers (fraudulent conveyances) to Prospect Hill and its affiliates and pursued recovery of same on behalf of the estate. Amini LLC's services in connection with the investigation, prosecution and resolution of these claims included:

a. Drafting a demand for the turnover of documents pursuant to 11 U.S.C § 542;

b. Negotiating with counsel for Prospect Hill regarding the scope of the document production and applicable search criteria;

c. Reviewing more than 6,000 documents produced by Prospect Hill;

d. Drafting a Bankruptcy Rule 2004 motion and supporting motion papers for the examination of Prospect Hill (ECF Nos. 77, 77-1, 77-2);

e. Conducting the Bankruptcy Rule 2004 examination of Jeffrey Teschke, a partner at Prospect Hill;

---

[1] The amount of expenses Amini LLC is seeking represents 50% of discovery vendor costs incurred because not all documents that were hosted on the e-discovery platform relate directly to the Prospect Hill settlement and the Wargo recovery.

f. Engaging in months-long settlement discussions with counsel for Prospect Hill, ultimately resulting in a settlement providing for, inter alia, the payment of $220,000 to the estate;

g. Drafting and negotiating the settlement stipulation with Prospect Hill;

h. Drafting a motion pursuant to Bankruptcy Rule 9019 seeking court approval of the settlement (ECF No. 127); and

i. Appearing at the October 6, 2026 hearing on the Bankruptcy Rule 9019 motion, at which the Court approved the settlement.

14. An order approving the settlement was entered on October 13, 2026. (ECF No. 131.)

15. The Trustee has collected the $220,000.00 settlement.

16. In accordance with the Retention Order, Amini LLC is entitled to a contingency fee of 33 1/3% of the recovery under the Prospect Hill settlement which results in a requested fee of $73,333.33.

## II. Wargo Recovery

17. Upon its review of the books, records, and bank statements of the Debtor, Amini LLC identified a potential avoidable prepetition transfer made to Wargo in the amount of $44,844.50.

18. In June and July of 2026, Amini LLC communicated with Wargo concerning the transfer and, on the Trustee's behalf, prepared a letter demanding Wargo return the $44,844.50 transfer. The demand letter contended that the transfer was avoidable under 11 U.S.C. § 548(a)(1)(B)(I)–(III) and analogous provisions of Georgia Code § 18-2-70 et seq., made applicable by 11 U.S.C. § 544(b)(1), and recoverable from Wargo under 11 U.S.C. § 550(a)(1).

19. Following this demand and further communications with Wargo, on July 23, 2026, Wargo turned over to the Trustee $44,844.50. The Trustee is currently holding the recovered funds in an estate bank account.

20. In accordance with the Retention Order, Amini LLC is entitled to a contingency fee of 33 1/3% of the recovery from Wargo which results in a requested fee of $14,948.16.

## III. **Reimbursement of Expenses**

21. The Retention Order also provides for reimbursement of expenses of Amini LLC. The Application seeks reimbursement of expenses in the amount of $2,917.12. This amount consists of (a) $1,477.50 in court reporter costs incurred in connection with a Bankruptcy Rule 2004 examination of Prospect Hill, and (b) $1,439.62 in discovery vendor costs.

## **ARGUMENT**

22. 11 U.S.C. § 330(a)(1) provides that after notice and a hearing "and subject to sections 326, 328 and 329, the court may award to … a professional person employed under section 327 … (A) reasonable compensation for actual, necessary services rendered by the … professional person, or attorney and by any paraprofessional employed by any such person; and (B) reimbursement for actual, necessary expenses."

23. 11 U.S.C. § 328 permits employment "on any reasonable terms and conditions … including … on a … percentage fee basis, or on a contingent fee basis".

24. "Sections 328 and 330 established a two-tiered system for judicial review and approval of the terms of the professional's retention." *In re Smart World Techs., LLC*, 552 F.3d 228, 232 (2d Cir. 2009). "Section 330 explicitly describes itself as 'subject to' Section 328." *In re Ninety-Five Madison Company, L.P.*, 669 B.R. 1, 15 (Bankr. S.D.N.Y. 2025). *See also Matter of Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr. S.D.N.Y. 1981) (similar). Thus, '[t]hese two inquiries are mutually exclusive and there is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court has already approved the person's employment under 11 U.S.C. § 328." *Smart World*, 552 F.3d at 232-33.

*E.g. In re Ninety-Five Madison Company, L.P.*, 669 B.R. 1, 15 (Bankr. S.D.N.Y. 2025) ("As the Court granted the motion to retain [professional person] this Court may not ex-post subject [its] fee application to review under Section 330").

25. The requested fees are also reasonable under 11 U.S.C. § 330(a)(3). The services were "actual" and "necessary" in that they provided objective benefit to the estate. *In re Acme Cake Co.*, 495 B.R. 212, 218 (Bankr. E.D.N.Y. 2010) ("Services are necessary if they were reasonably likely to benefit the estate … An objective test is used, and examines whether a reasonable attorney would have performed those services under the same circumstances").

26. The requested expenses (costs of a discovery vendor and for a Bankruptcy Rule 2004 examination) should also be allowed. The requested expenses were actually incurred and were "necessary" in that they were incurred "to accomplish the task for which the professional was employed." *In re Borders Grp., Inc.*, 456 B.R. 195, 203 (Bankr. S.D.N.Y. 2011).

## NO PRIOR REQUEST

27. No prior application for the relief requested in this Application has been made to this Court or to any other court.

## CONCLUSION

WHEREFORE, Amini LLC respectfully requests entry of an order allowing interim compensation of $88,281.29 and reimbursement of expenses in the amount of $2,917.12 and granting such other and further relief as the Court deems just and proper.

Dated: New York, NY
October 13, 2026

Amini LLC

*/s/ Jeffrey Chubak*

Jeffrey Chubak, Esq.
Avery Samet, Esq.
Yosef Trachtenberg, Esq.
131 West 35th Street
12th Floor
New York, NY 10001

(212) 490-4700
jchubak@aminillc.com
asamet@aminillc.com
ytrachtenberg@aminillc.com
Special Litigation Counsel for Lori Lapin Jones, Esq., as Chapter 7 Trustee