Carey D. Schreiber
Christopher A. Livingston (admission pending)[1]
WINSTON TAYLOR LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
carey.schreiber@winstontaylor.com
christopher.livingston@winstontaylor.com

*Counsel for WhiteHorse Capital Management, LLC*
*and Camarillo Fitness Opco, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Involuntary Chapter 7 |
| Honors Holdings, LLC, | : | Case No.: 24-44875 (ESS) |
| Debtor. | : | |

**NOTICE OF MOTION OF WHITEHORSE CAPITAL MANAGEMENT, LLC AND CAMARILLO FITNESS OPCO, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 362(d) AUTHORIZING RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that, on November 13, 2026, WhiteHorse Capital Management, LLC, in its capacity as agent (in such capacity, "WhiteHorse") and Camarillo Fitness Opco, LLC ("Camarillo"), by and through their undersigned counsel, filed with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") the *Motion of WhiteHorse Capital Management, LLC and Camarillo Fitness Opco, LLC for Entry of an Order Pursuant to 11 U.S.C. §§ 105 and 362(d) Authorizing Relief from the Automatic Stay* (the "Motion").

[1] This attorney is in the process of waiving admission into the United States District Court for the Eastern District of New York.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the relief sought in the Motion (the "Hearing") will be held on **December 21, 2026, at 1:00 p.m.** (prevailing Eastern Time) before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate in the Hearing by Zoom, whether in a "live" or "listen only" capacity, must make an electronic appearance through the "eCourtAppearances" tab on the Bankruptcy Court's website (https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl) no later than 4:00 p.m. (prevailing Eastern Time) on the business day before the Hearing (the "Appearance Deadline"). **In the event that you are not able to register online**, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days before the Hearing. Following the Appearance Deadline, the Bankruptcy Court will circulate by email the Zoom link to the Hearing to those parties who have made an electronic appearance. Parties wishing to appear at the Hearing must submit an electronic appearance through the Bankruptcy Court's website by the Appearance Deadline and not by emailing or otherwise contacting the Bankruptcy Court. Additional information regarding the Bankruptcy Court's Zoom and hearing procedures can be found on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **December 14, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") and (b) served upon the following parties by email: (i) counsel to WhiteHorse and Camarillo, Winston Taylor LLP, 200 Park Avenue, New York, NY 10166, Attn: Carey D. Schreiber

(carey.schreiber@winstontaylor.com); (ii) counsel to the Chapter 7 Trustee, LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Ave., #201, Wantagh, NY 11793, Attn: Holly R. Holecek (hrh@lhmlawfirm.com) and Salvatore LaMonica (sl@lhmlawfirm.com); and (iii) special litigation counsel to the Chapter 7 Trustee, Amini LLC, 131 West 35th Street, 12th Floor, New York, NY 10001, Attn: Avery Samet, Esq. (asamet@aminillc.com) and Jeffrey Chubak, Esq. (jchubak@aminillc.com).

**PLEASE TAKE FURTHER NOTICE** that if no responses or objections are timely filed and served with respect to the Motion, WhiteHorse and Camarillo may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **Exhibit A** to the Motion, which may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if you would like to receive copies of the Motion set forth above, you may access such documents online from the Bankruptcy Court's electronic case filing system located at www.nyeb.uscourts.gov. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated: November 13, 2026
New York, New York

WINSTON TAYLOR LLP

By: */s/ Carey D. Schreiber*
Carey D. Schreiber
Christopher A. Livingston (admission pending)
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
carey.schreiber@winstontaylor.com
christopher.livingston@winstontaylor.com

*Counsel for WhiteHorse Capital Management, LLC and Camarillo Fitness Opco, LLC*

Carey D. Schreiber
Christopher A. Livingston (admission pending)
WINSTON TAYLOR LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
carey.schreiber@winstontaylor.com
christopher.livingston@winstontaylor.com

*Counsel for WhiteHorse Capital Management, LLC
and Camarillo Fitness Opco, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Honors Holdings, LLC, | : | Case No.: 24-44875 (ESS) |
| Debtor. | : | |

**MOTION OF WHITEHORSE CAPITAL MANAGEMENT, LLC
AND CAMARILLO FITNESS OPCO, LLC FOR ENTRY OF
AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 362(d)
AUTHORIZING RELIEF FROM THE AUTOMATIC STAY**

WhiteHorse Capital Management, LLC, in its capacity as agent (in such capacity, "WhiteHorse") for the secured lenders of Honors Holdings, LLC (the "Debtor") in the above-captioned chapter 7 case (the "Chapter 7 Case") and Camarillo Fitness Opco, LLC ("Camarillo") file this motion (the "Motion") pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order substantially in the form attached hereto as **Exhibit A**, modifying the automatic stay, to the extent necessary and in an abundance of caution, to permit WhiteHorse to exercise its vested irrevocable proxy, coupled with an interest, and power

of attorney over the HHM Pledged Equity (as defined below) to cause a power of attorney to be executed on behalf of the Debtor's wholly-owned non-debtor subsidiary, Honors Holdings Management LLC ("HHM"), authorizing Camarillo or its designee to communicate with the Internal Revenue Service (the "IRS") regarding HHM's ERTC Credits and an Outstanding ERTC Check (each as defined below) that were foreclosed upon prepetition by WhiteHorse and assigned to Camarillo. In support of this Motion, WhiteHorse and Camarillo submit the *Declaration of Carey D. Schreiber* (the "Declaration") and respectfully states as follows:

## PRELIMINARY STATEMENT

Prior to the Petition Date, upon the occurrence of an Event of Default, the Debtor's right to exercise the voting and other consensual rights with respect to the equity in HHM, a non-debtor subsidiary of the Debtor, among others, ceased and became vested in WhiteHorse, and WhiteHorse holds an irrevocable proxy, coupled with an interest, and power of attorney to exercise all voting and other rights pertaining to such equity.

Thereafter, prior to the Petition Date, WhiteHorse and its assignees, including Camarillo foreclosed on the assets of certain of the Debtor's subsidiaries, including the assets of HHM, a wholly owned, non-debtor subsidiary of the Debtor. HHM is its own taxpayer and prior to the Petition Date filed its own tax returns. Among those assets which were foreclosed on and assigned to Camarillo were HHM's employee retention tax credits (ERTC).

Upon information and belief, an ERTC refund check is expected but has not been received. The IRS will not discuss the outstanding check with Camarillo or its designee without a power of attorney executed on behalf of HHM. The Trustee is unwilling to sign that power of attorney, asserting that she lacks authority to act for a non-debtor.

Someone must sign the power of attorney on behalf of HHM so that Camarillo or its designee can investigate and locate an asset rightfully owned by Camarillo. If no one talks to the IRS, the Outstanding ERTC Check is likely to be lost forever and Camarillo will be irreparably harmed.

In an abundance of caution to avoid any risk of violating the automatic stay, WhiteHorse seeks an order modifying the stay solely to permit it to exercise its vested irrevocable proxy, coupled with an interest, and power of attorney over the equity in HHM to cause the power of attorney to be executed on behalf of HHM to permit Camarillo or its designee to discuss the ERTC Credits and the Outstanding ERTC Check with the IRS.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested by this Motion are sections 105(a) and 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001, and Rule 4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of New York.

4. The *Order for Relief* [Docket No. 22] (the "Order for Relief") was signed by the Court on February 27, 2025.

5. On March 4, 2025, the United States Trustee appointed Lori Lapin Jones as chapter 7 trustee (the "Trustee") [Docket No. 24].

## FACTUAL BACKGROUND

### A. The Credit Agreement, the Pledged Equity, and the Vested Proxy Rights.[2]

6. WhiteHorse is the agent for the lenders under that certain Credit Agreement, dated as of September 6, 2019, by and among the Debtor, as borrower, HH Holdco, Inc., and the other persons from time to time party thereto as credit parties (as the same has been amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Credit Agreement").[3] Pursuant to the Credit Agreement, WhiteHorse provided the Debtor with access to $100 million of funding.

7. Among the Loan Documents, the Debtor and the other subsidiary grantors (collectively, the "Grantors") and WhiteHorse entered into that certain Security Agreement, dated as of September 6, 2019 (as the same has been or may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Security Agreement"), pursuant to which the Grantors granted WhiteHorse a security interest in and liens upon substantially all of their assets, including, all of the membership interests owned by the Debtor in its subsidiaries,

---

[2] Capitalized terms used but not otherwise defined in this section shall have the meaning set forth in the Credit Agreement (as defined below).

[3] These documents include the Credit Agreement as amended by that certain First Amendment to Credit Agreement, dated as of December 2, 2019, as amended by that certain Limited Consent No. 1 and Second Amendment to Credit Agreement, dated as of December 19, 2019, as supplemented by that certain Limited Consent No. 2 to Credit Agreement, dated as of February 28, 2020, as supplemented by that certain Forbearance Agreement, dated as of June 5, 2020, as amended by that certain Limited Waiver and Third Amendment to Credit Agreement, dated as of July 6, 2020, as amended by that certain Limited Waiver and Fourth Amendment to Credit Agreement, dated as of February 19, 2021, as supplemented by that certain Limited Consent No. 3 to Credit Agreement, dated as of April 14, 2021, as amended by that certain Fifth Amendment to Credit Agreement, dated as of April 20, 2021, as amended by that certain Sixth Amendment to Credit Agreement, dated as of April 29, 2022, as amended by that certain Seventh Amendment to Credit Agreement, dated as of September 29, 2022, as supplemented by that certain Temporary Waiver Agreement, dated as of May 19, 2023, as amended by that certain Limited Waiver and Eighth Amendment to Credit Agreement, dated as of July 11, 2023, as supplemented by that certain extension letter agreement, dated as of December 1, 2023, as supplemented by that certain extension letter agreement, dated as of December 5, 2023, as supplemented by that certain extension letter agreement, dated as of December 19, 2023, as supplemented by that certain Supplement to Credit Agreement, dated as of February 2, 2024, as supplemented by that certain extension letter agreement, dated as of March 8, 2024, as supplemented by that certain extension letter agreement, dated as of March 29, 2024, and as amended by that certain Ninth Amendment to Credit Agreement, dated as of June 20, 2024.

including all of the membership interests in HHM, a wholly-owned non-debtor subsidiary of the Debtor (the "HHM Pledged Equity"). *See* Security Agreement § 2(a) and Schedule 5.

8. On April 22, 2024, WhiteHorse delivered to Holdings, the Debtor and the other credit parties that certain Notice of Default and Reservation of Rights, dated as of April 22, 2024, notifying them that, among other things, an Event of Default had occurred and was continuing as a result of the Debtor's failure to pay a required interest payment under the Credit Agreement (the "Existing Event of Default").

9. Pursuant to Section 6 of the Security Agreement, prior to the Petition Date upon the occurrence and continuance of the Existing Event of Default, the Debtor's right to exercise the voting and other consensual rights over the Pledged Equity (as defined in the Security Agreement), including the HHM Pledged Equity, ceased and became vested in WhiteHorse, and WhiteHorse holds an irrevocable proxy, coupled with an interest, and power of attorney to exercise all voting and other rights pertaining to the HHM Pledged Equity. *See* Security Agreement §§ 6(b)(i), 6(i), and 6(j).

**B. The Foreclosure and the ERTC Credits.**

10. On September 25, 2024, the Debtor and WhiteHorse entered into that certain Partial Strict Foreclosure Agreement (the "PSFA"), under Section 9-620 of the New York Uniform Commercial Code, pursuant to which, among other things, assets of certain of the Debtor's subsidiaries that were not acquired, including HHM (the "Foreclosed Assets") were accepted by WhiteHorse and assigned to Camarillo and its affiliate, as applicable, in exchange for the partial satisfaction of $70 million of the more than $114 million in secured obligations owing to WhiteHorse by the Debtor, leaving WhiteHorse owed in excess of $44 million by the Debtor.

11. The Foreclosed Assets include, among other things, "all tax refunds, refundable VAT, rebates, ***credits (including any employee retention tax credits), or similar benefits relating***

***to taxes, including employee retention tax credits***, and other governmental charges related to the Transferred Assets" (such credits and similar benefits, collectively, the "ERTC Credits"). *See* PSFA, Recital L, Schedule B p. (emphasis added), Annex to Schedule B ¶ 19; Assignment, Annex II, 2. Accordingly, Camarillo owns all of HHM's right, title, and interest in the ERTC Credits.

**C. The Outstanding ERTC Check and the Trustee's Refusal to Sign the IRS POA**.

12. WhiteHorse and Camarillo believe that an ERTC refund check payable to HHM (the "Outstanding ERTC Check") has been issued by the IRS but has not been received by HHM or any of its affiliates.[4] Camarillo has attempted to contact the IRS regarding the Outstanding ERTC Check, but the IRS will not speak with Camarillo because HHM, and not Camarillo, is the taxpayer. The IRS requires that HHM execute an IRS Form 2848, Power of Attorney and Declaration of Representative (the "IRS POA") before it will discuss the Outstanding ERTC Check.

13. On multiple occasions, WhiteHorse sought to have the Trustee execute the IRS POA, even offering to enter into a stipulation of the type previously executed resolving WhiteHorse's prior motion to lift the automatic stay, including a reservation of rights. *See* Docket Nos. 73 and 76. Notwithstanding responding to multiple questions from the Trustee and the Trustee engaging an accounting firm to, among other things, purportedly address such issue, counsel for the Trustee asserted that the Trustee "lacks authority to sign a power of attorney for nondebtor."

---

[4] Pursuant to Section 11(a) of the PSFA among other things, HHM authorized WhiteHorse to open any and all mail addressed to it relating to the Foreclosed Collateral. Section 11(b) of the PSFA further provides that any checks received by an Excluded Entity after the Closing Date with respect to Transferred Collateral (as defined in the PSFA) "shall be held in trust by such Excluded Entity for the Agent's benefit and account." PSFA § 11(b). Accordingly, even HHM were to receive the Outstanding ERTC Check, it would be required to hold it in trust for WhiteHorse's benefit and account.

## ARGUMENT

14. Relief from the automatic stay is governed by section 362(d) of the Bankruptcy Code, which provides, in part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> 1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> 2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1)–(2).

15. Here, the facts warrant modifying the automatic stay under sections 105(a), 362(d)(1), and 362(d)(2) of the Bankruptcy Code.

### A. **Cause Exists to Modify the Stay to Permit WhiteHorse to Exercise Its Proxy Rights Over the HHM Pledged Equity**.

16. Courts examine several factors, generally referred to as the *Sonnax* factors, when determining whether "cause" exists to lift the automatic stay. *See In re Sonnax Indus.*, 907 F.2d 1280, 1285 (2d Cir. 1990).[5] Not every *Sonnax* factor will be relevant to every case. *See Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999).

---

[5] The *Sonnax* factors include: (i) whether relief would result in a partial or complete resolution of the issues; (ii) lack of any connection with or interference with the bankruptcy case; (iii) whether the other proceeding involves the debtor as a fiduciary; (iv) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (v) whether the debtor's insurer has assumed full responsibility for defending it; (vi) whether the action primarily involves third parties; (vii) whether litigation in another forum would prejudice the interests of other creditors; (viii) whether the judgment claim arising from the other action is subject to equitable subordination; (ix) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (x) the interests of judicial economy and the expeditious and economical resolution of litigation; (xi) whether the parties are ready for trial in the other proceeding; and (xii) impact of the stay on the parties and the balance of harms. *In re Sonnax Indus.*, 907 F.2d at 1286.

17. Here, multiple *Sonnax* factors support a determination that cause exists to modify the automatic stay under section 362(d)(1) of the Bankruptcy Code. As a preliminary matter, WhiteHorse's proxy rights in the HHM Pledged Equity vested prior to the Petition Date. In addition, as noted above, HHM is a non-debtor, the ERTC Credits were foreclosed upon prepetition and assigned to Camarillo, and the Trustee has asserted that she lacks authority to act on HHM's behalf. Modifying the automatic stay to permit WhiteHorse to exercise its vested irrevocable proxy, coupled with an interest, and power of attorney over the HHM Pledged Equity to cause the IRS POA to be executed on behalf of HHM (i) will result in a complete resolution of the issue, (ii) will cause no interference with the Chapter 7 Case, (iii) will not prejudice any of the Debtor's other creditors, as the relief concerns only an asset that is not property of the Debtor's estate, and (iv) will relieve the harm currently being done to WhiteHorse and Camarillo, which, absent such relief, risk losing the Outstanding ERTC Check if it cannot be located or reissued.

18. *First*, WhiteHorse holds the authority it seeks to exercise. Upon the Existing Event of Default prior to the Petition Date, the Debtor's voting and consensual rights in the HHM Pledged Equity ceased and vested in WhiteHorse, which holds an irrevocable proxy, coupled with an interest, and power of attorney over the HHM Pledged Equity under the Security Agreement.

19. *Second*, the relief will not interfere with the Chapter 7 Case or prejudice creditors. The ERTC Credits belong to Camarillo by virtue of the prepetition foreclosure pursuant to the PSFA, and the Outstanding ERTC Check is payable to HHM, a non-debtor that is its own taxpayer. Significantly, the Trustee disclaims authority to act for HHM. Conversely, absent relief, there is a real risk that the Outstanding ERTC Check will forever be lost to the detriment of WhiteHorse and Camarillo.

20. *Third*, relief is also warranted under section 362(d)(2) of the Bankruptcy Code. The Debtor's estate has no interest in the ERTC Credits, which were foreclosed upon prepetition and assigned to Camarillo. These are assets that previously belonged to a non-debtor who was its own taxpayer, and over whom the Trustee admits she does not have authority to act. And, given that this is a case under chapter 7, the ERTC Credits are not necessary to an effective reorganization. Accordingly, the automatic stay should be modified to permit WhiteHorse to exercise an irrevocable proxy, coupled with an interest, and power of attorney over the HHM Pledged Equity to cause the IRS POA to be executed on behalf of HHM to permit Camarillo or its designee to discuss the ERTC Credits and the Outstanding ERTC Check with the IRS.

21. WhiteHorse and Camarillo have engaged in discussions with the Trustee's counsel regarding the relief sought in this Motion, including offering to proceed by stipulation subject to a complete reservation of rights, but have been unable to reach agreement.

**B. Waiver of the Fourteen-Day Stay Upon Entry of an Order Is Warranted.**

22. Bankruptcy Rule 4001(a)(3) imposes an automatic fourteen-day stay of an order granting relief from the automatic stay, unless the Court orders otherwise. Fed. R. Bankr. P. 4001(a)(3). As discussed above, modifying the automatic stay as requested herein will cause no interference with the Chapter 7 Case. On the other hand, with year-end approaching, WhiteHorse and Camarillo face a real risk that the Outstanding ERTC Check will be forever lost. Thus, WhiteHorse requests that the Court waive the fourteen-day stay of effectiveness.

## NOTICE

23. Notice of this Motion has been provided to (i) the Debtor, (ii) the Trustee and her counsel, and (iii) all parties in interest who have formally appeared and requested notice. In light of the nature of the relief requested herein, WhiteHorse submits that no other or further notice is necessary.

## NO PRIOR REQUEST

24. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

25. WHEREFORE, for the reasons set forth herein, WhiteHorse respectfully requests that this Court enter an order, substantially in the form attached hereto, (i) modifying the automatic stay to permit WhiteHorse to exercise its irrevocable proxy, coupled with an interest, and power of attorney over the HHM Pledged Equity to cause the IRS POA to be executed on behalf of HHM authorizing Camarillo or its designee to communicate with the IRS regarding the ERTC Credits, including the Outstanding ERTC Check, and (ii) granting such other and further relief as is just and proper.

Dated: November 13, 2026
New York, New York

WINSTON TAYLOR LLP

By: /s/ Carey D. Schreiber

Carey D. Schreiber
Christopher A. Livingston (admission pending)
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
carey.schreiber@winstontaylor.com
christopher.livingston@winstontaylor.com

*Counsel for WhiteHorse Capital Management, LLC and Camarillo Fitness Opco, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 13th day of November, 2026, a copy of the foregoing MOTION OF WHITEHORSE CAPITAL MANAGEMENT, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 362(d) AUTHORIZING RELIEF FROM THE AUTOMATIC STAY TO PERMIT WHITEHORSE TO EXERCISE PROXY RIGHTS TO EXECUTE POWER OF ATTORNEY ON BEHALF OF HONORS HOLDINGS MANAGEMENT LLC was served electronically as a result of the e-filing of the document, or served by first-class mail where indicated, on the following:

Office of the US Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408

Counsel to the Chapter 7 Trustee
La Monica Herbst & Maniscalco, LLP
3305 Jerusalem Ave., #201
Wantagh, NY 11793

Special Litigation Counsel to the Chapter 7 Trustee
Amini LLC
131 West 35th Street, 12th Floor
New York, NY 10001

*/s/ Carey D. Schreiber*
Carey D. Schreiber